THE STATE OF NEW JERSEY v. GEORGE SPEAR ET AL.

Submitted December 5, 1898—Decided February 27, 1899.

In an indictment for an offence, whether created by statute or otherwise, the facts constituting such offence must be set out with clearness and certainty sufficient for identification, in order that the accused may meet the charge intelligently and may be able to plead a conviction or acquittal in bar of any subsequent proceedings.

---

On motion to quash an indictment removed from the Camden Sessions by *certiorari.*

The following is the indictment, found at September Term, 1898:

"Camden county, to wit: The grand inquest of the State of New Jersey, in and for the body of the county of Camden, upon their respective oath and affirmation, present, that George Spear, Henry Howard and Henry Harbeck, all late of the city of Camden, in the said county of Camden, on the fifteenth day of June, in the year of our Lord one thousand eight hundred and ninety-eight, and on divers other days and times between said day and the taking of this inquisition at the city aforesaid, in the county aforesaid, and within the jurisdiction of this court, being engaged in the business of transmitting communications by means of the telephone, did unlawfully and knowingly receive the odds on the betting of certain races then and there being run on certain racetracks within or without this state, and did then and there knowingly transmit and carry the said odds on the betting at said racetracks, by means of the said telephone, to certain pool-rooms, where the practice of bookmaking was then and there being engaged in, in the city of Philadelphia and State of Pennsylvania, the said practice of bookmaking being then declared illegal by the statutes of New Jersey, to the evil example of all others in like case offending, contrary to the statute in such case made and provided, and against the peace of this state, the government and dignity of the same."

Before Justices LUDLOW and COLLINS.

For the defendants, *Clarence T. Atkinson.*

For the state, *William H. Carson*, assistant prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J.    The statute on which this indictment appears to be based (*Gen. Stat.*, p. 1116, *pl.* 362–3) was substantially amended by the general revision of the Crimes act taking effect July 4th, 1898 (*Pamph. L.*, p. 810, § 59).

Under either statute the indictment is radically defective. It violates the requirement both of our state constitution and

of the common law that indictments shall be framed with certainty. There must be a description of the crime of which the defendant is accused and a statement of the facts by which it is constituted in order to identify the accusation so that the accused may prepare his defence, and so that he may be enabled to plead a previous conviction or acquittal of the same offence in bar of any subsequent proceedings. As was said by Chief Justice Beasley in *Linden Park Blood Horse Association* v. *State*, 26 *Vroom* 557, " the rule of law and of common justice is that the offence must be charged in the indictment in a certain and identifiable form, and this principle is so essential to the personal security of the citizen that it is not to be impaired, no matter how great the particular exigency may be."

The doctrine that in indictments for misdemeanors created by statute it is sufficient to charge the offence in the words of the statute is always subject to the qualification that the facts must be set forth with clearness and all necessary certainty to apprise the person accused of the offence of which he stands charged. *State* v. *Stimson*, 4 *Zab.* 9 ; *State* v. *Halsted*, 10 *Vroom* 402.

In the case last cited the offence charged was the incurring of an obligation by a public board in excess of the appropriation previously made for the purpose ; and in discussing this subject Mr. Justice Van Syckel said : " In the present case it would not suffice to allege in the general words of the statute that the defendants did incur an obligation in excess of the appropriation ; the particular act which constitutes such disregard of the statutory provision must be disclosed."

In the case of *State* v. *Schmid*, 28 *Vroom* 627, a statute was considered that in terms enacted that the indictment for a certain class of offences should be " in form for the sale of intoxicating liquors contrary to law ; " yet this court held that the facts to constitute the offence must, nevertheless, be averred according to the established canons of criminal pleading.

This indictment is quashed.