THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
FRANK S. BARTHOLOMEW, PLAINTIFF IN ERROR.

Submitted December 5, 1901—Decided February 24, 1902.

An indictment of a public officer, under section 170 of the Crimes act
of 1898 (*Pamph. L.*, *p.* 794), for refusal to deliver money, books,
papers or other property to his successor or other person author-
ized by law to receive the same, must, in order to be valid, state
the facts that make such section operative and disclose the right
of the demandant to the delivery of something specifically de-
manded and sufficiently described.

On error to the Monmouth Quarter Sessions.

The defendant was convicted upon the following indict-
ment:

"Monmouth county, to wit: The grand inquest of the
State of New Jersey, in and for the body of the county of
Monmouth, upon their respective oaths present that Frank S.
Bartholomew, late of the borough of Deal, in the said county
of Monmouth, on the second day of April, in the year of our
Lord one thousand nine hundred and one, at the borough
aforesaid, in the county aforesaid, and within the jurisdiction
of this court, being then and there in the possession of certain
books, papers and other property, to wit, ledgers, account-books,
receipts, vouchers and warrants belonging to the borough of
Deal, a municipal corporation existing by the laws of this
state, and which said books, papers and other property had
come into the hands and possession of him, said Frank S.
Bartholomew, by virtue of his office as former collector as
aforesaid of the said borough of Deal, and being then and
there in possession as aforesaid of the said books, papers and
other property belonging to the said borough of Deal, the
said Frank S. Bartholomew did then and there willfully,
unlawfully, maliciously and corruptly refuse and neglect on
demand to deliver the said books, papers and other property
in his possession as aforesaid belonging to the borough of

Deal to his successor in the said office of collector of the borough of Deal, or to any other person authorized by the laws of this state to receive and have charge of the same, contrary to the form of the statute in such case made and provided and against the peace of this state, the government and dignity of the same."

Error is assigned upon the alleged insufficiency of the indictment, and upon exceptions sealed at the trial.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, COLLINS and PITNEY.

For the plaintiff in error, *Samuel A. Patterson.*

For the state, *John E. Foster,* prosecutor of the pleas.

The opinion of the court was delivered by

COLLINS, J. Objection to the indictment returned was duly taken before a jury was sworn for the trial and its sufficiency is therefore regularly before us. It is based upon section 170 of the revised Crimes act of 1898 (*Pamph. L., p.* 794), which section reads as follows: "Any officer or agent of this state, or of any public or municipal corporation existing by the laws thereof, into whose hands or possession any money, books, papers, evidences of debt or other instrument of writing, or other property of whatever nature, real or personal, belonging to the state, or the said public corporation, may have come, or shall hereafter come, by virtue of his office or agency, who shall refuse or neglect, on demand, to deliver the same to his successor in office, or other person or persons authorized by law to receive or have charge of the same, shall be guilty of a misdemeanor." The plaintiff in error rightly contends that the section quoted, which is substantially a re-enactment of section 151 of the Crimes act as revised in 1875 (*Gen. Stat., p.* 1049), must be read in connection with "An act directing the collectors of taxes of townships and boroughs to surrender all official books and papers to the proper authorities," approved March 28th, 1895. *Pamph. L., p.* 740. That act

directs that the several collectors of taxes of the townships and boroughs of the state, and their successors, shall, upon the expiration of their terms of office and within sixty days after a settlement has been made with the township committee or governing body of the borough, surrender to said township committee or governing body all tax duplicate books and papers of their respective offices pertaining to the collection of taxes, and that any collector of taxes failing to surrender said tax duplicate books and other papers shall forfeit and pay the sum of $5 per day for each day's failure beyond said sixty days, to be sued for and recovered in any court of law, by any resident taxpayer, for the use of the township or borough. It does not follow, however, that the one statute superseded the other. The civil and criminal prosecutions may well subsist concurrently; but, of course, no offence against the criminal law consisting in a failure to deliver tax duplicate books or papers can be committed before a duty to deliver them arises. As to money or other property, or books or papers not embraced within the phraseology of the act of 1895, that statute is not applicable.

In the case in hand the pleader has conceived that an alternative allegation that a former collector of a borough named has, on the demand of some one not named, refused to deliver to his successor in office *or* to any other authorized person the ledgers, account-books, receipts, vouchers and warrants in his possession belonging to the borough, suffices to present a case within the section quoted from the Crimes act; but this is evidently not so. A demand, to be effectual, must be by some one entitled to receive what is demanded; and an indictment for such a refusal must state facts that will disclose the right of the demandant to the delivery by the officer of something specifically demanded and sufficiently described. The principle laid down in the case of *State* v. *Spear,* 34 *Vroom* 179, exemplified in the decisions there cited, will avoid the indictment before us. This renders it unnecessary to discuss the exceptions taken at the trial.

The judgment must be reversed; and the record being now in this court, the indictment will be quashed.