### UNITED STATES v. BREAKWATER CO.

(District Court, D. New Jersey. November 15, 1909.)

MASTER AND SERVANT (§ 18*)—CONTRACTORS FOR PUBLIC WORK—VIOLATION OF EIGHT-HOUR LAW—INFORMATION.

Act Aug. 1, 1892, c. 352, 27 Stat. 340 (U. S. Comp. St. 1901, p. 2521), which provides that it shall be a misdemeanor for any officer or agent of the United States, or any contractor for public work, to intentionally require or permit any laborer or mechanic to work more than eight hours in any calendar day, except in case of extraordinary emergency, makes it a separate offense in case of each laborer or mechanic so required to work more than eight hours, and a criminal information against a contractor for violation of such provision must set out the names of, or otherwise identify, the persons so alleged to have been unlawfully employed, that the accused may meet the charge intelligently, and be able to plead a conviction or acquittal in bar of any subsequent prosecution.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 18.*]

On motion to quash criminal information against the Breakwater Company. Motion sustained.

Francis C. Adler and John F. Lewis, for the motion.

Walter H. Bacon, Asst. U. S. Dist. Atty., opposed.

RELLSTAB, District Judge. The act upon which this criminal information is founded is entitled "An act relating to the limitation of the hours of daily service of laborers and mechanics employed upon

the public works of the United States and of the District of Columbia," approved August 1, 1892 (Act Aug. 1, 1892, c. 352, 27 Stat. 340, 4 Fed. St. Ann. p. 779 [U. S. Comp. St. 1901, p. 2521]). It expressly limits and restricts the services and employment of *all* laborers and mechanics by any contractor or subcontractor upon any of the public works of the United States to eight hours in any one calendar day, and makes it unlawful for such person, whose duty it shall be to employ, direct, or control the services of *such* laborers or mechanics, to require or permit *any* such laborer or mechanic to work more than eight hours in any such day. See section 1. It also declares that any, such person, whose duty it shall be to employ, direct or control *any* laborer or mechanic, who shall intentionally violate any of the provisions of this act, shall be guilty of a misdemeanor, and for *each* and *every such* offense shall, upon conviction, be punished, etc. See section 2. (The italics are mine.)

The information alleges that the defendant—

"was a contractor upon public works of the United States, to wit, a certain jetty construction at Cold Spring Inlet; that as such contractor it was the duty of the said the Breakwater Company to employ, direct, and control the services of laborers and mechanics employed and working thereon; and on the 1st day of July, 1909, * * * did willfully, intentionally, and unlawfully require and permit said laborers and mechanics to work more than eight hours in the calendar day last aforesaid, to wit, ten hours and fifteen minutes in such day."

The grounds assigned in support of this motion are as follows:

"(1) Because it nowhere appears in and by the said information who are the laborers and mechanics the defendant is alleged to have intentionally required and permitted to work more than eight hours in one calendar day as set forth in the said information.

"(2) Because the information does not specially name the individual laborers and mechanics whom the defendant is alleged to have intentionally required and permitted to work more than eight hours in one calendar day as set forth in the said information.

"(3) Because it does not appear upon the face of the affidavit supporting the information that the more than eight hours in one calendar day which the defendant is alleged to have required certain laborers and mechanics to work was not occasioned by an extraordinary emergency within the meaning of the exception stated in the act of Congress for the breach of which this information is made."

The last ground was abandoned on the argument, and properly so, as it related only to the affidavit annexed to the information.

The assistant United States district attorney concedes that, if this act denounces as a misdemeanor the employment of each person on a given day for more than the restricted hours, the criminal information is defective. This concession is undoubtedly correct; for, if the defendant can be punished for each and every person so employed, it is entitled to know from such information who is the laborer or mechanic that it is said to have so employed, not merely to help in its defense as to such particular person, but for its protection if subsequently called upon to defend a like charge covering the same day. In an indictment for an offense, whether created by statute or otherwise, the facts constituting said offense must be set out with clearness and certainty sufficient for identification, in order that the accused may meet the

charge intelligently and may be able to plead a conviction or acquittal in bar of any subsequent proceedings. State v. Spear, 63 N. J. Law, 179, 42 Atl. 840; Miller v. United States, 133 Fed. 337, 66 C. C. A. 399; United States v. Hess, 124 U. S. 483, 8 Sup. Ct. 571, 31 L. Ed. 516; Evans v. United States, 153 U. S. 584, 14 Sup. Ct. 934, 38 L. Ed. 830. See, also, cases in 27 Cent. Dig. 456.

The act makes it unlawful to require or permit any laborer or mechanic to work more than eight hours in one calendar day, except in cases of extraordinary emergency, and denounces the intentional employing of any laborer or mechanic beyond the restricted hours as a misdemeanor, and provides a penalty for each and every such offense. This language forbids a construction that but one offense can be committed in a given day. The only relation that the "day" has to the offense is in fixing the measure of time during which the permitted hours of labor are to take place. It is the employment of any of the prescribed persons for more than the restricted hours that is prohibited. If such transgression is repeated by the employment of other laborers or mechanics on the same day, each of such prohibited employments constitutes a distinct and separate offense.

The criminal information does not say whether one or more laborers or mechanics were thus employed. It does allege, after reciting that the defendant was a contractor employed upon certain public works of the United States, and that as such it was its duty to direct and control the services of laborers and mechanics employed on such work, that it did, on the day named, require and permit said laborers and mechanics to so work, etc. It does not say how many, or whom they were, either by name or other identification. Nor does it say that the names of the persons so employed were unknown. It argumentatively appears that all the laborers and mechanics who were under the direction and control of the defendant were so unlawfully employed. But this, even if it were the purpose of the pleader to so charge, cannot be done argumentatively. The criminal information, like an indictment, must allege the offense with certainty.

It is to be noted that the act does not prohibit the employment beyond the restricted hours of all employés, but only such as are embraced within the terms "laborers and mechanics." Undoubtedly the mere designation of identified persons as laborers or mechanics is sufficient to put the defendant to its defense; but the failure to designate the number and to identify the persons alleged to have been unlawfully employed is unjust to both the government and defendant. The government has a right to ask for separate convictions for each and every person so unlawfully employed in a given day, and the defendant has the right to have the persons identified, that it may intelligently defend the present charge, and, if subsequently called upon to defend for the same cause, to plead former jeopardy.

The motion to quash is granted.