THE STATE, DEFENDANT IN ERROR, v. LOUIS KUEHNLE.
PLAINTIFF IN ERROR.

Argued June 4, 1912—Decided March 3, 1913.

A statute declared it to be a misdemeanor for any member of a
   board of commissioners of any city to be directly or indirectly
   concerned in a contract for any public improvement to be con-
   structed or made for the public use or at public expense. The
   defendant was convicted under an indictment which set out facts
   showing that he was indirectly concerned in a contract made by
   the board of commissioners of the city of which he was a
   member, with a corporation of which he was at the time a stock-
   holder and officer. The indictment concluded, after stating the
   facts, by charging "that he was unlawfully and corruptly inter-
   ested and directly concerned" in the contract. *Held,* that where
   the facts set out in the indictment clearly disclose a violation of
   the statute of being indirectly concerned in such a contract, the
   indictment is sufficient in form to sustain a conviction of being
   indirectly concerned. The conclusion of the pleader that the
   facts show that the defendant was directly concerned, is of no
   importance where the facts stated clearly show that the de-
   fendant was indirectly concerned in a forbidden contract, and the
   words expressing the conclusion of the pleader may be treated
   as surplusage.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and BERGEN.

For the plaintiff in error, *Bourgeois & Coulomb* and *Gilbert
Collins.*

For the defendant in error, *Edmund Wilson,* attorney-gen-
eral.

The opinion of the court was delivered by

BERGEN, J.   The offence of which this defendant was con-
victed is defined in section 32 of "An act for the punishment
of crimes *(Rev.,* 1898)," 2 *Comp. Stat., p.* 1755, which
declares that any member of "any board of commissioners
of any county, township, city, town or borough in this state,

who shall be directly or indirectly concerned in any agreement or contract for the construction of any bridge or building of any kind whatsoever, or any improvement whatever to be constructed or made for public use or at the public expense, shall be guilty of a misdemeanor."

The indictment which the state claims supports the judgment which the defendant, by his writ of error in this cause seeks to reverse, charges that at the time the defendant committed the offence of which he was convicted, he was a member of the board of water commissioners of the city of Atlantic City, and "that said city was then and there the owner of water works directly managed and controlled by it, and the said board of water commissioners was duly authorized and empowered by law to purchase all necessary plants, materials and supplies for the maintenance, extension and improvement of such water works, and to expend for such purpose moneys as were appropriated therefor by the city council of Atlantic City; that on the day and year aforesaid at the city and county aforesaid, and within the jurisdiction of this court, the said board of water commissioners of Atlantic City pursuant to the power and authority vested in it, the moneys therefor to be expended by said board having been appropriated by the said city council, entered into a contract on behalf of the said city with one F. S. Lockwood, for the construction of a water main, commonly known as 'The Timber Water Main,' for the extension and improvement of the water works of said city; that in fact the said Lockwood was an employe of the United Paving Company, a corporation organized under the laws of the State of New Jersey, and that said contract for the construction of said water main was in fact the contract of the said United Paving Company, in which the said Lockwood was named as the party for the purpose of concealing the fact that the said United Paving Company was interested therein, as he, the said Louis Kuehnle then and there well knew; that the said Louis Kuehnle was then and there a stockholder, director and officer of the said United Paving Company and as such was unlawfully and corruptly interested and directly concerned in said contract

for the construction of said water main to be constructed and made for the public use of said city and at the public expense of said city, and to be paid for by the said board of water commissioners of which the said Louis Kuehnle was a member, contrary to the form of the statute in such case made and provided."

The second count in the indictment charges that Lockwood was an employe of the United Paving Company, at the time the contract was entered into between him and the city, and that the contract was in fact the contract of the United Paving Company, in which Lockwood was named as a party for the purpose of concealing the fact that the United Paving Company was interested therein, and "that after the execution of said contract by said board with said Lockwood, the said United Paving Company entered upon the performance thereof, and is still engaged in performing the same and during the performance of said contract has from time to time received the compensation paid therefor; that the said Louis Kuehnle is a stockholder, director and officer of the United Paving Company and unlawfully and corruptly interested and directly concerned in said contract."

Briefly stated the facts which the indictment sets out are that the defendant was a member of the board of water commissioners of Atlantic City and as such, entered into a contract for the making of a public improvement with a person by the name of Lockwood who was not the real contractor, but that in truth and in fact he was acting for the United Paving Company of which corporation the defendant was a stockholder and officer, and that the contract was carried out by the United Paving Company, the proceeds accruing to that company, and that the use of the name of Lockwood as a contractor had no purpose other than to conceal the truth which was, that a contract had been made by a municipal board, of which the defendant was a member, with a corporation in which the defendant was also interested.

One of the errors assigned challenges the legality of the trial court in disqualifying the sheriff and in appointing elisors by whom the grand jury, which found this indictment,

were selected and summoned. This contention has been determined by the Court of Errors and Appeals, adversely to the defendant's claim, in the case of State *v.* Zeller.

The next point the plaintiff in error urges is that the trial court should have directed a verdict of acquittal at the close of the state's case, and also at the close of the whole case, "because all the testimony was circumstantial and was consistent with innocence." The argument in support of this proposition is rested mainly upon the theory that there was evidence that Lockwood and a man by the name of Cherry, who the defendant claims were the real contractors, borrowed from the United Paving Company the money necessary to carry on the work, and that this evidence conclusively showing, as claimed, that the paving company was not investing money in the contract, but simply loaning it, and that this being consistent with the innocence of the defendant, should prevail over an inference, to be drawn from other testimony, that the alleged borrowing was in furtherance of the scheme of concealing the real contractor, which the state claims was the United Paving Company. Whether Lockwood and Cherry were the real contractors depends upon the inference to be drawn from all the facts proven in the case. It appeared that Lockwood was an employe of the paving company; that he was without the means necessary to carry out the contract; that the day after the contract was made with Lockwood, he assigned ninety-nine per cent. of it to Mr. Cherry, the president of the paving company; that nearly all of the warrants were endorsed to the paving company, who received the money; that the workmen were paid by the agent of the paving company and that the tools of the paving company were used in the prosecution of the work, from all of which an inference may be properly drawn that the paving company was the real and substantial party to the contract. We have no doubt about the correctness of the ruling of the trial court on this branch of the case.

The next reason suggested why this judgment should be set aside, is that "the evidence was not sufficient to support a conviction under the indictment," and this because, as it is

urged, the proofs do not show the defendant to have been directly interested as charged in the indictment. The court was asked to charge, "There is no evidence that the defendant was directly concerned in such contract, therefore, he must be acquitted." This the court refused, but instructed the jury that if there was no evidence that the defendant "was directly concerned in the contract between the board of water commissioners and Lockwood, then if you find that he was indirectly concerned in such contract you may convict him. You need not find that he was directly concerned. If you find that he was indirectly concerned you may convict him under this form of indictment." This, the defendant insists, was erroneous, and in his brief urges that "the words 'directly interested' are the only words which charge a crime under the statute in question."

The court was subsequently requested to charge "The fact that the defendant was a stockholder, director and officer of the United Paving Company did not make him directly concerned in the contract mentioned in the indictment within the purview of such section.

In dealing with this request, the court instructed the jury that he did "not think it did either, but it is not necessary that he should be directly concerned in the contract." The plaintiff in error claims that under the law of the case, as laid down by the trial judge, the jury would not have been justified in convicting this defendant of being directly interested, and therefore if the crime of being "indirectly interested" is not charged in the indictment, defendant was not charged with any crime which the evidence supports and that the words "directly interested" are the only words that charge a crime under the statute.

To adopt this contention as a legal rule would require us to hold, that if this indictment had simply charged the defendant with being "directly interested" in a contract made between a municipality, of which he was one of the officers, and himself to furnish materials for the municipality, it would be a sufficient charge of the crime described in the statute, without a statement of the facts by which the crime

is constituted, a procedure condemned in *State* v. *Spear,* 34 *Vroom* 179, in which Mr. Justice Collins, speaking for this court, said: "There must be a description of the crime of which the defendant is accused and a statement of the facts by which it is constituted, in order to identify the accusation, so that the accused may prepare his defence or so that he may be enabled to plead a previous conviction or acquittal of the same offence, in bar of any subsequent proceedings." And therefore, in the present case it was required that the indictment should set forth such facts as would show, if true, that the defendant had been concerned in an agreement or contract forbidden by the statute. Whether the defendant was directly or indirectly concerned or interested, must appear from the facts stated, and if the pleader describes the legal effect of the facts as constituting a direct concern or interest, when it should have been an indirect interest, it is of no consequence, for if an indictment states facts which constitute a violation of the statute it would be good if the pleader's deduction therefrom had been omitted.

That this indictment charges this defendant with the commission of certain acts, which if true, show that he was indirectly concerned in a contract between the municipality, of which he was an officer, and another corporation of which he was also an officer, we have no doubt, and whether he was so concerned was a question of fact which was properly submitted to the jury by the trial court, and therefore, we find no error in the procedure complained of. Most if not all the cases cited by the defendant, arose on questions relating to the sufficiency of the indictment on motions to quash, and they are not pertinent here, for there was no motion to quash upon the ground now pressed, and therefore, the only question is whether evidence of an indirect concern or interest in a contract is sufficient to justify a conviction under this indictment. We think the facts set out show that the interest or concern was at least indirect, and therefore a crime against the statute was exhibited in the indictment, which is not affected by the allegation therein that the acts of the defendant indicate a direct concern, rather than an indirect one, and

the application by the pleader of one name rather than another is but his conclusion of what the facts charge, and should therefore be treated as surplusage.

Another assignment of error is based upon a part of the charge of the court, viz.: "If you can reconcile all these books, documents, and circumstances on which the state relies with the innocence of the defendant you are to do so, and you should do so. The law requires you to do so. Although they may be consistent with the innocence of the defendant, they are not inconsistent with guilt, but you are not to adopt the guilt of the defendant on that account, you must adopt that which is innocent." The objection made to this part of the charge is that it puts upon the defendant the burden of establishing his innocence. This we do not think is a correct deduction. The state had made a case which it claimed overthrew the presumption of innocence, and the instruction given to the jury was that they were bound to reconcile the proof with the innocence of the defendant, if they could.

Instead of putting the burden on the defendant, it directed the jury, if they could, to reconcile the facts with the innocence of the defendant, and although the court said that the facts might be consistent with innocence, they nevertheless were not inconsistent with guilt; this was only an expression of his opinion, but the jury were further instructed not to adopt the guilt of the defendant on that account. We fail to see how the defendant suffered any wrong or injury from this.

The next point argued challenged the admission of testimony tending to show that the amount due for extra work, that is work done not provided for in the contract with Lockwood, but performed by him and Cherry, was assigned to the paving company. The objection urged is that as it was not in the original contract the proof of assignment was no evidence of the crime charged. The court refused to strike it out and properly, as we think, for it was some evidence tending to show that the work done under the contract, to which this extra work was an addition, was being done by the paving company. If the work was done as an addition to the

contract and its price went to the paving company, it was some evidence tending to throw light upon the matter in dispute.

We have examined very carefully the other assignments of error and causes for reversal, and find in them no error which requires that this judgment should be reversed, and it is therefore affirmed.