STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOSEPH LEWANDOWSKI, PLAINTIFF IN ERROR.

Submitted October 4, 1938—Decided January 30, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the plaintiff in error, *George Pellettieri.*

For the defendant in error, *Andrew J. Duch.*

PER CURIAM.

The defendant appeals from a conviction of conducting a lottery in violation of *R. S.* 2:147-1. The indictment charges the offense in the language of the statute and was, therefore, sufficient. *State* v. *Morris,* 98 *N. J. L.* 621; *affirmed,* 99 *Id.* 526.

It is argued in the brief for the appellant that there was error in admitting testimony that tended to fix an operation of a lottery on January 6th, the indictment charging the commission of the offense on January 1st, 1938. We think not. The averment of time in the indictment was in this case purely formal, and the defendant was in nowise prejudiced by the variation. *State* v. *Yanetti,* 101 *N. J. L.* 85; *State* v. *Butler,* 7 *N. J. Mis. R.* 868. In fact, the witness called, who had purchased tickets in one of defendant's lotteries, might well not recall the precise date of purchase or draw. In no sense was the state proving an extraneous crime but merely establishing, as well as it could, the time when the witness had participated in a lottery operated by the defendant.

Slips bearing dates in the years 1931 and 1932 were found by the police in a drawer back of the counter in the store

occupied by defendant's father. Testimony with respect thereto was not objected to at the proper time. The testimony having been given without objection, the refusal of the trial judge to strike was not legal error. The case is before us on strict bill of exceptions.

Other matters raised in the brief have been carefully considered but have no merit. Assignments of error not argued are deemed abandoned and are not considered.

The conviction is affirmed, with costs.