THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL A. LISENA, PLAINTIFF IN ERROR.

Submitted October 5, 1943—Decided December 9, 1943.

Before Brogan, Chief Justice, and Justices Bodine and Colie.

For the plaintiff in eror, *Bozza & Bozza* (*Frank B. Bozza*).

For the defendant in error, *William A. Wachenfeld, James L. McKenna* and *C. William Caruso.*

The opinion of the court was delivered by

Bodine, J.   Plaintiff in error was convicted under an indictment which charged that he: "maliciously and without lawful justification, with intent to cause and procure the miscarriage of * * *, a woman then pregnant with child, did use in and upon the said * * * divers instruments and means to the Grand Jurors aforesaid unknown."

This indictment is based upon *R. S.* 2:105–1. It follows the language of the statute in charging the offense. Obviously, a motion to quash the indictment was properly denied. *State* v. *Morris,* 98 *N. J. L.* 621; *affirmed,* 99 *Id.* 526; *State* v. *Lewandowski,* 121 *Id.* 612.

A motion to quash an indictment is addressed to the discretion of the court and is not reviewable on strict writ of error or under *R. S.* 2:195–16; *State* v. *Grossman,* 94 *N. J. L.* 301; *affirmed,* 95 *Id.* 497.

The verdict was not against the weight of the evidence. The state evidence was clear and convincing. The injured woman gave her testimony in a concise manner. In many essentials it was corroborated by the physicians who attended to her needs at St. Michael's Hospital in Newark. The

officers, who took the plaintiff in error to the hospital, testified that she identified him and that he did not deny the charge. At no time, except by the technical plea of not guilty, was there ever a denial of any of the particulars proved by the state. Plaintiff in error could have taken the witness stand but failed to do so, content apparently to rely upon a somewhat flimsy alibi which the jury did not believe.

In the course of the examination of one of the physicians who attended the woman at the hospital the following occurred: "When you say, doctor, that you diagnosed the condition of * * * as that of an incomplete abortion, what do you mean by that, a criminal abortion, a criminal tampering? A. We do not have no—at least, you cannot tell by that that it was a criminal abortion." On redirect examination: "Q. What information did you get from her, doctor? A. That she had it done. By whom we do not know. Of course, it had already been on the chart. Q. These numerous causes that you mention, it also could have been caused by the insertion of an instrument into her vagina on June 20th? A. Without a doubt. The court: What do you mean by she had it done? What did she tell you? The witness: That it came from natural causes—it come through criminal—— Mr. Bozza: I object. The court: Strike out the word criminal. Through physical interference? The witness: Through physical interference."

A motion was then made to strike out the question and the answer, which was denied, the trial court saying: "It was on record she had it done. That did not convey a thorough understanding to my mind and I wanted to have it cleared up and settle the uncertainty, so I think I had a perfect right to do it and overrule the motion. Counsel: Well, I did not hear it. The court: I do not like your saying you did not hear it. You were here and if you did not hear the question it is up to you to ask what he said. Counsel: Unfortunately, I was consulting with the accused. The court: It is unfortunate for you to try to do two things at once, or anybody else, and if you did not hear what the prosecutor was asking, why, that is not my affair. Counsel: My attention was distracted. Will you forgive me? The court: I

have nothing to forgive. You were distracted by talking to your own client and you did not hear him and let it go by without hearing it, and I asked the question. You wanted to take advantage of that situation and you now do."

Clearly, the statement by the patient to the physician as to the cause of her injury was inadmissible as evidence to prove that fact. *State* v. *Gruich*, 96 *N. J. L.* 202. But it does not seem to us that the ruling was harmful because by competent evidence the abortion was proved.

The court, in the exercise of a sound discretion, limited the cross-examination of the complaining witness to the scope of the direct examination. There could be no useful purpose in probing into matters which had no bearing on the charge made by the state. The exclusion of such evidence in no way prejudiced the maintenance of a defense and hence would not justify a reversal. *State* v. *Grace*, 98 *N. J. L.* 341; *State* v. *Fuersten*, 103 *Id.* 383. Obviously, an unmarried woman who becomes pregnant has violated the law of the state. This the trial judge made clear to the jury. The number of times she may have sinned would in no way furnish a means to establish a defense; nor would it lessen her credit or indicate bad faith in the charge presently made.

The prosecutor's closing statement is not returned with the record. There is, therefore, no way in which we can test the propriety thereof. At all events, the court made it perfectly clear to the jury that the prosecutor was merely arguing to them that there were certain inferences they could draw from the proofs adduced, and that there was no evidence whatever that certain witnesses called by the plaintiff in error had engaged in the commission of crime of a like nature.

The court's charge respecting the presumption which arises from the failure to deny proven facts, which could be denied, followed the rule as laid down in *State* v. *Parker*, 61 *N. J. L.* 308; *affirmed,* 62 *Id.* 801, and continually followed in this state. See *State* v. *Kisik*, 99 *Id.* 385.

The court, in part, charged the jury as follows: "the jury must decide the case not only upon such evidence as may be referred to by the judge, but on all the evidence in the case. The defendant is presumed to be innocent and unless

the crime charged and each of its elements is proven against him beyond a reasonable doubt he is entitled to an acquittal. The burden of so proving the defendant guilty rests upon the state and never shifts." He then stated the charge as laid in the indictment, read the pertinent statute and concluded as follows: "If you are satisfied beyond a reasonable doubt from all of the evidence and all of the circumstances that the state has proven the charge contained in this indictment beyond a reasonable doubt, it becomes your duty to find the defendant guilty and otherwise it becomes your duty to find him not guilty and, gentlemen, that matter is with you."

The jury was well advised as to their duty and plaintiff in error was not entitled to the charge of a specific request when the pertinent principles of law were fully and correctly stated in the charge given. *State* v. *Simmons,* 120 *N. J. L.* 85.

The refusal of the trial judge to grant a certificate of reasonable doubt is not before us for review and could not be. *R. S.* 2:195–16; *State* v. *Morris,* 98 *N. J. L.* 621. But if it were, from our examination of the record, we are satisfied that the refusal was well founded.

The judgment is affirmed, with costs.