The appellant Burns was tried in the Camden Quarter Sessions on an indictment containing three counts, the first of which charged an assault with a revolver and with intent to rob; the second, a simple assault and battery, and the third charged Burns with being an habitual criminal. The jury found him "guilty of assault with intent to rob," and thereupon the court imposed a sentence of imprisonment for life. On writ of error, the Court of Errors and Appeals (136 N.J.L. 601) ordered "that the judgment of conviction upon the first count of the indictment be affirmed and the matter be remanded to the Camden County Court of Quarter Sessions for the imposition of an appropriate sentence for the crime for which plaintiff in error, respondent, was convicted, namely, assault with intent to rob (R.S. 2:110-2), being the first count in said indictment." After the record was remitted to the Quarter Sessions, that court resentenced defendant to the State Prison for a term of not less than 15 nor more than 17 years, the term to run from the date of original commitment to the county jail. From this judgment, Burns appeals. *Page 36 
Our statute, R.S. 2:110-2, enacts that one who shall commit an assault with intent to commit robbery, shall be guilty of a high misdemeanor and punished by a fine not exceeding $3,000, or by imprisonment at hard labor not exceeding 12 years, or both. Another section, R.S. 2:176-5, provides that any person who shall commit an assault when armed with a revolver, shall, "in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than five years; * * * No such additional punishment shall be imposed unless the indictment shall have averred that the person was armed with or had in his possession any such instrument and conviction was had thereon." The court imposed the sentence of not less than 15 nor more than 17 years on the theory that the first count of the indictment charged an assault with intent to commit robbery, contrary to R.S. 2:110-2, and also charged as aggravation undersection 176-5, that Burns was armed with a revolver; and that he was convicted both of the assault and of the matter of aggravation.
Where an indictment or a single count charges a crime that includes an indictable offense of lesser grade, the defendant may be convicted of the lesser offense. State v. Johnson,30 N.J.L. 185 (Sup. Ct. 1862). It is unnecessary for the jury expressly to find the defendant not guilty of the greater charge; their verdict need take no notice of the elements that, added to the lesser offense, make up the whole offense charged by the grand jury. 1 Chitty Crim. Law 641. The jury, by their silence on the subject, impliedly acquitted Burns of so much of the charge as related to a revolver. 23 C.J.S., Crim. Law, § 1406,p. 1099. That is, he was found not guilty of the element which was a prerequisite to a sentence under R.S. 2:176-5. The State argues, however, that the Court of Errors and Appeals interpreted the verdict as a finding of guilt of the whole offense stated in the first count of the indictment, including possession of the revolver. Although the remittitur may be a trifle ambiguous, we readily construe it to mean that defendant was convicted of assault with intent to rob, and no more. *Page 37 
The judgment is reversed for error in the sentence and the case is remanded to the Camden County Court for the imposition of an appropriate sentence for assault with intent to commit robbery.