8 N.J. Super. 231 (1950)
73 A.2d 842
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT HUNTER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 5, 1950.
Decided June 12, 1950.
*232 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Robert Hunter, pro se.
Mr. Horace K. Roberson, County Prosecutor, and Mr. William P. Gannon, Assistant County Prosecutor, for respondent.
PER CURIAM.
We have disregarded all procedural irregularities and treated this proceeding as an appeal from an order of the Hudson County Court dismissing appellant's petition for correction of sentence. The appellant, who was represented by counsel, pleaded on May 25, 1948, and was sentenced on June 18, 1948. On October 29, 1949, he filed a petition with the Hudson County Court for correction of the sentence imposed, and his petition was dismissed.
The order of dismissal is affirmed for the reasons stated in the opinion of Judge Drewen, which follows:
"Indictments Nos. 385, 386, and 387 of the Term of December, 1947, were presented against this defendant, the first and second charging separate crimes of breaking and entering with intent to steal and the third charging atrocious assault and battery. Each of the indictments includes the usual subordinate counts.
"On May 25, 1948, defendant was arraigned. To the first indictment he entered his plea of guilty to the count for entering without breaking. He entered a like plea to the second indictment. As to the third, he pleaded guilty to its charge of simple assault. The sentence imposed on the first conviction was a prison term of two and one-half to five years, the same on the second and a prison term of one to three years on the third, the three sentences to run concurrently.
"The first ground urged in defendant's petition against the validity of the sentences is that the indictments contained no citation *233 of the statutes `alleged to have been violated,' in accordance with the present Rule 2:4-11. The rule itself provided that its breach shall work no defect in the indictment or conviction, provided the same does not `mislead defendant to his prejudice.' That no prejudice resulted here will presently be shown. Aside from this, however, the rule relied on does not apply in the present instance. The effective date of the rule was September 15, 1948, while the indictments to which the defendant pleaded were presented long prior thereto.
"The next ground urged rests on the contention that the first two indictments were changed by an amendment of the charge in each from breaking and entering with intent to steal, to entering without breaking, with intent to steal. It is this which the petitioner says deceived him. The contention is groundless. Neither indictment was amended at any time. The difference between the caption of the charge and that of the conviction as recorded results solely from the plea to a subordinate count.
"Petitioner calls `the Court's attention to the fact that there is no crime of "unlawful entry" under the statutes of New Jersey,' the designation `unlawful entry' being that of the offense to which, as he maintains, he pleaded and for which he was sentenced. The objection is pointless. The term `unlawful entry' is a reference to that count in the indictment pleaded to which charges the entry without breaking, the unlawfulness of the entry, that is, the facts and circumstances charged as rendering it unlawful, being explicitly set forth and described in the `unlawful entry' count, so-called. An accused, upon his being arraigned, pleads, as of necessity, by reference to the charge or charges in the indictment which is the subject of the arraignment. Were this not so, a plea of guilty or non vult would have to repeat vertabim the contents of the indictment or count to which the plea is entered. So here, the plea of guilty to unlawful entry was a plea by reference to the unlawful entry as charged in the indictment count; it is this which describes fully the violation of the criminal law to which the petitioner pleaded guilty and for which he was sentenced.
"The petition is dismissed."