15 N.J. Super. 7 (1951)
83 A.2d 16
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CALVIN DeFILLIPIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued July 16, 1951.
Decided August 1, 1951.
*8 Before Judges EASTWOOD, LLOYD and STANTON.
Mr. Albert L. Kessler argued the case for defendant-appellant.
Mr. H. Russell Morse, Jr., argued the case for the State of New Jersey (Mr. Edward Cohn, Union County Prosecutor, attorney).
The opinion of the court was delivered by LLOYD, J.S.C.
This is an appeal from an order of the County Court of Union County refusing to dismiss an indictment found by the grand jury of that county.
The grounds of appeal are that the indictment is not sufficiently specific and that it violates the right of free speech as declared by the Federal and State Constitutions.
Rule 2:4-11, Rules of Criminal Procedure, provides: "The indictment shall be a written statement of the essential facts constituting the offense charged."
The indictment is based on R.S. 2:173-22(b) and is in three counts, the first two of which are abandoned by the *9 State. The pertinent part of the remaining count charges that "on the 21st day of July, 1950, in the City of Linden, County of Union, aforesaid, and within the jurisdiction of this Court, Calvin DeFillipis did willfully, knowingly and unlawfully advocate by word of mouth, at a meeting where more than five persons were assembled, that citizens of the United States, including those persons then and there assembled should not enlist in the military forces of the United States." The indictment charges the time, place, occasion and the offense in the language of the statute itself. This has been held sufficient in numerous cases in our courts. State v. Morano, 134 N.J.L. 295 (E. & A. 1946); Linden Park Blood Horse Association v. State, 55 N.J.L. 557 (E. & A. 1893); State v. Schmid, 57 N.J.L. 625 (Sup. Ct. 1895); State v. Spear, 63 N.J.L. 179 (Sup. Ct. 1899); State v. Caporale, 85 N.J.L. 495 (Sup. Ct. 1914); State v. Morris, 98 N.J.L. 621 (Sup. Ct. 1923), affirmed 99 N.J.L. 526 (E. & A. 1923); Levine v. State, 110 N.J.L. 467 (E. & A. 1933); State v. Tuzenew, 15 N.J. Misc. 584 (Sup. Ct. 1937), affirmed sub nomine State v. Suckow, 120 N.J.L. 190 (E. & A. 1938); State v. Lewandowski, 121 N.J.L. 612 (Sup. Ct. 1939); State v. Lisena, 131 N.J.L. 48 (Sup. Ct. 1943). It further meets the requirements of the aforementioned rule. We see no infirmity in the indictment itself.
As to the remaining ground of appeal that the indictment violates the right of free speech, this statute was first enacted in 1918 and it has not been brought to our attention nor can we find where there has ever been any question raised as to its validity. A substantially identical statute of the State of Minnesota was passed upon by the Supreme Court of that state and subsequently sustained in the Supreme Court of the United States in the case of State v. Gilbert, 254 U.S. 325, 65 L.Ed. 287 (1920). Mr. Justice McKenna, in writing the opinion of that court, said: "The United States is composed of the states, the states are constituted of the citizens of the United States who also are citizens of the states and it is from these citizens that armies are raised and wars *10 waged, and whether to victory and its benefits or to defeat and its calamities, the states as well as the United States are intimately concerned."
Our statute may be supported as a simple exertion of police powers to preserve the peace of the State. It is a local measure aimed to suppress a species of seditious speech which the Legislature of the State has found objectionable.
We might leave the further discussion rest at this point but the condition of the country at the time the indictment was framed was that we were engaged in hostilities with a foreign power and the military departments of the Federal and State Governments were seeking volunteer enlistments to serve in these hostilities. We were and are also in the widespread building up of our military power to meet the threat of a like building up by a foreign power, which is generally regarded as a danger to our form of government and way of life. It was in such circumstances that the defendant was charged with offending.
To hold that defendant could, by word of mouth under the circumstances here disclosed, advocate a defiance of the call for volunteers, would be subversive of good government and destructive of the patriotic spirit of our youth. This we cannot do.
We have not considered the bill of particulars filed in the court below as it was not before that court at the time the decision was made.
The appeal is dismissed with costs.