35 N.J. Super. 256 (1955)
113 A.2d 829
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROGER M. LaVERA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 18, 1955.
Decided April 27, 1955.
*257 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Roger M. LaVera, pro se.
Mr. Mario H. Volpe, Mercer County Prosecutor, for the plaintiff-respondent (Mr. Frank H. Lawton, First Assistant Prosecutor; Mr. Frederick M. English, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
The defendant appeals in forma pauperis from an order denying his application for correction of an allegedly illegal sentence imposed upon him.
On November 3, 1949 the defendant was indicted for forcibly and feloniously and while armed with a revolver having stolen $35 from one Pasquale Colavita "contrary to the provisions of R.S. 2:176-5." He pleaded guilty and was *258 sentenced to a term of from five to seven years in State Prison commencing at the expiration of a term he was then serving. On November 22, 1954 he applied to the Mercer County Court for correction of his sentence, contending that it was illegal. The application was denied. Upon a renewal, it was again denied. He now appeals.
The defendant urges that the sentence imposed was illegal in that the indictment mentioned only R.S. 2:176-5, now N.J.S. 2A:151-5, for violation of which the penalty is five years in prison; that he was sentenced to from five to seven years, and therefore the sentencing court exceeded its authority.
R.S. 2:176-5, now N.J.S. 2A:151-5, provides that a person who commits, inter alia, robbery, when armed with a revolver "shall, in addition to the punishment provided for the crime, be punished on a first conviction by imprisonment for not more than 5 years." This language shows there is no basis for defendant's principal contention that the cited statute creates an independent offense carrying a maximum punishment of five years' imprisonment. The statute aggravates the punishment where the crime of robbery is perpetrated with arms.
The indictment charged armed robbery pursuant to the provisions of R.S. 2:176-5 and specifically referred to it; but it failed to mention the robbery statute, R.S. 2:166-1, now N.J.S. 2A:141-1. Technically, it should have made reference to the robbery statute also. State v. Tumbiolo, 28 N.J. Super. 231 (App. Div. 1953). However, the omission of the second statutory citation is not fatal. State v. Marchese, 14 N.J. 16 (1953). While it is true that R.R. 3:4-3 provides that an indictment shall state the official or customary citation of the statute which is alleged to have been violated, nevertheless, it further provides that:
"* * * Error in the citation or its omission shall not be ground for dismissal of the indictment or accusation or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."
The defendant concedes that he was represented by counsel and that copies of the indictment were supplied both to him *259 and to his counsel. He does not deny that he understood the consequences of his plea of guilty to the indictment, the language of which expressly charged him with armed robbery. The record does not disclose that at the time of sentencing the defendant objected on the ground that the sentence was illegal.
The indictment contains the time, place, occasion and offense charged in the language of R.S. 2:166-1 and R.S. 2:176-5. Such an indictment has been held legally sufficient in numerous decisions in our courts. See State v. DeFillipis, 15 N.J. Super. 7 (App. Div. 1951). The crime of which the defendant was accused was fully described, so that he could prepare his defense or make his plea. State v. Morano, 134 N.J.L. 295 (E. & A. 1946); State v. Russo, 6 N.J. Super. 250 (App. Div. 1950); State v. Rios, 17 N.J. 572, 112 A.2d 247 (1955).
The fact that the indictment in question referred only to R.S. 2:176-5 is of no consequence. It is implicit in an indictment for violation of R.S. 2:176-5 that it charge the commission or the attempted commission of, inter alia, robbery, State v. Burns, 4 N.J. Super. 34 (App. Div. 1949), since the statute provides an additional punishment for armed robbery and hence necessarily comprehends an offense without arms.
Moreover, since the defendant pleaded guilty to a violation of both R.S. 2:166-1 and R.S. 2:176-5, he could have, on a first conviction, been sentenced to a maximum of 15 years in prison for robbery and an additional five years for armed robbery.
Thus, the defendant was not misled to his prejudice. The indictment's failure to specifically mention R.S. 2:166-1, now N.J.S. 2A:141-1, does not in the circumstances render illegal the sentence imposed thereunder. State v. Hunter, 8 N.J. Super. 231 (App. Div. 1950); Orfeld, Criminal Procedure from Arrest to Appeal, § 31, Citation of Statutes, p. 258; O'Regan and Schlosser, New Jersey Criminal Practice (Rev. Ed.), § 190, p. 353.
Accordingly, the order of the County Court is affirmed.