THE STATE v. ION E. TERRY.

Submitted March 22, 1905—Decided June 12, 1905.

1. Where an indictment contains several valid counts, and the evidence warrants conviction upon one of the counts, a motion for direction of a general verdict of acquittal cannot properly be granted.
2. Assuming the act of March 26th, 1874 (*Pamph. L., p.* 93; *Gen. Stat., p.* 1795, *pl.* 50), is still unrepealed, its second section does not render the offence of repeated and habitual unlawful sales of liquor, amounting to the crime of keeping a disorderly house, dispunishable by indictment, with respect to certain cities, the act being in that respect unconstitutional. Following *State* v. *Anderson,* 11 *Vroom* 224; *Meyer* v. *State,* 12 *Id.* 6; 13 *Id.* 145.

3. The so-called "Daly act" (*Pamph. L.* 1893, *p.* 193; *Gen. Stat.*, *p.* 1101, *pl.* 273), whose provisions are now embodied in section 74 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 894), does not change the nature of the offence of habitually selling intoxicating liquors contrary to law, nor render the place where such sales are carried on any the less a disorderly house and a public nuisance, but simply requires the indictment to set forth, with precision, the character of the acts that constitute the offence.

4. The exception contained in section 66 of the Crimes act (*Pamph. L.* 1898, *p.* 812), with respect to liquors that are "compounded and intended to be used as medicine," does not relate to the first branch of the section, which prohibits the sale of any vinous, spirituous or other ardent spirits, but only to the second branch, which prohibits the sale of "any composition of which any of the said liquors shall form the chief ingredient." Following *State v. Marks*, 36 *Vroom* 84.

5. Where the question is of defendant's right to the exemption contained in section 12 of the Werts law (*Pamph. L.* 1889, *p.* 77; *Gen. Stat.*, *p.* 1813), permitting druggists to sell liquors by small measure without license, provided the same be "in good faith compounded or sold for medicinal uses and purposes only, upon the prescription of a reputable physician," the existence of a prescription is not conclusive of the good faith of the vendor.

On error to Cumberland Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, GARRETSON and PITNEY.

For the state, *J. Hampton Fithian,* prosecutor of the pleas.

For the defendant, *Rex A. Donnelly* and *John W. Wescott.*

The opinion of the court was delivered by

PITNEY, J.   Defendant, having been convicted in the Quarter Sessions upon an indictment charging him with illegal sales of liquor, brings the record of that conviction to this court for review.   The indictment contains four counts.   The first three charge violations of section 66 of the Crimes act (*Pamph. L.* 1898, *p.* 812) in selling whiskey and other liquors in quantities less than a quart without license for that purpose obtained.   The fourth count is framed according to the requirements of section 74 of the Criminal Pro-

cedure act (*Pamph. L.* 1898, *p.* 894), and charges the habitual unlawful sale of liquors without license. There was a general verdict of guilty.

The entire record of the proceedings had upon the trial has been returned with the writ of error, pursuant to section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), and although no specification of causes for reversal has been made, as required by section 137, there are assignments of error which may be dealt with as the equivalent of such specification. These assignments relate solely to the proceedings at the trial.

The evidence on the part of the state tended to show sales of liquor, without license, by defendant, at his place of business in the city of Millville, to each of the parties in that behalf named in the first three counts of the indictment, and also tended to show repeated and habitual sales there, without license, to the parties named in the fourth count. The defence was that the defendant was a druggist regularly carrying on his business, and that the sales were made in good faith for medicinal purposes, upon prescriptions signed by reputable physicians. The rebuttal evidence on the part of the state tended to show that the sales in question were not made by defendant in good faith upon prescription. Defendant also introduced in evidence two ordinances adopted by the common council of the city of Millville relating to the sale of spirituous and other intoxicating liquors, and thereupon invoked, by motion for direction of a verdict in his favor, the provisions of the act of March 26th, 1874 (*Pamph. L., p.* 93; *Gen. Stat., p.* 1795, *pl.* 50), insisting that because of that act the defendant was not punishable by indictment, but solely by proceedings to be taken pursuant to the ordinances.

We may conveniently deal, first, with the effect of the act of 1874. And we do so upon the theory that this act remains unrepealed. It is argued by the learned prosecutor of the pleas that it was impliedly repealed by the Werts law. *Pamph. L.* 1889, *p.* 77; *Gen. Stat., p.* 1810. So it was expressly laid down by the late Chief Justice Depue, in a charge to the grand jury shortly after the enactment of the Werts

law. 12 *N. J. L. J.* 156. But the point is perhaps not free from doubt (see *Parker* v. *State,* 32 *Vroom* 308, 310), and we prefer to express no opinion upon it, since the decision may be rested upon other grounds.

The act of 1874 contains two sections. The first declares that none of the provisions of section 37 of the Inns and Taverns act of 1846, or of the supplements thereto approved March 3d, 1847, March 8th, 1848, and February 20th, 1849, shall apply to offences committed in an incorporated city whose ordinances provide for the punishment of the unlicensed sale of spirituous liquors and for the punishment of the sale of spirituous and other intoxicating liquors on Sunday. *Rev.* 1847, *p.* 577, § 37; *Nix. Dig.* 1868, *p.* 400; *Pamph. L.* 1847, *p.* 158; *Pamph. L.* 1848, *p.* 183; *Pamph. L.* 1849, *p.* 61. These statutes rendered unlawful the sale without license of liquors by measure less than a quart, and illegalized sales upon Sunday by any measure. In the revision of 1874, section 37 was repealed and its provisions were re-enacted as section 60 of the Crimes act of that year. *Rev.* 1877, *p.* 237; *Gen. Stat., p.* 1060. In the revision of 1898 the prohibition, so far as now relevant, was included in section 66 of the Crimes act. *Pamph. L.* 1898, *p.* 812. Prior to the revision of 1898, it was repeatedly held that the repeal in 1874 of section 37 of the Inns and Taverns act, and the insertion of a similar prohibition in section 60 of the Crimes act, left the first section of the act of March 26th, 1874, still effective. *State* v. *Anderson,* 11 *Vroom* 224; *Sparks* v. *Stokes, Id.* 487; *State* v. *Ziegler,* 17 *Id.* 307. And, although section 66 of the present Crimes act (*Pamph. L.* 1898, *p.* 812) is not in terms a reiteration of section 60 of the Crimes act of 1874, we are not prepared to say that its provisions are not rendered inapplicable in cities which provide by ordinance for punishing the like offences by the terms of the first section of the act of March 26th, 1874. *Pamph. L., p.* 93; *Gen. Stat., p.* 1795.

Assuming, therefore, that the last-mentioned act remains unrepealed, and that the ordinances introduced in evidence were of the description referred to in the first section of this

act (a point we do not stop to examine), the defendant would seem to have been entitled to acquittal under the first three counts of the indictment, on the ground that he was punishable only under the ordinances.

But with respect to the fourth count it is otherwise. As will be seen presently, the offence therein charged, and of which the jury was justified in convicting the defendant, is in effect the common law offence of keeping a disorderly house. By the second section of the act of March 26th, 1874, above cited, it was declared that where the ordinances of any incorporated city provide for the punishment of the offence of keeping a disorderly house, it should not be lawful to prosecute by indictment any person accused of keeping a disorderly house in such city where the offence consisted only in the continuous or frequent violations of the provisions of the acts mentioned in the first section, and any person so offending should be prosecuted and punished only under and by virtue of the provisions of such ordinances.

But neither of the ordinances that were introduced in evidence deals at all with the offence of keeping a disorderly house, nor has the effect of providing a punishment for that offence when it consists in the continuous or frequent sales of intoxicating liquor without license. See *State* v. *Ziegler,* 17 *Vroom* 307; *Von Der Leith* v. *State,* 31 *Id.* 46.

Moreover, in *State* v. *Anderson,* 11 *Vroom* 224, it was held that since the keeping of a disorderly house was a crime indictable at common law, and in this state punishable by fine or imprisonment, section 2 of the act of 1874, by providing that the punishment of this offence should be put into the hands of the municipal authorities, infringed article 1, section 9 of the constitution, which declares that no person shall be held to answer for a criminal offence without presentment or indictment of a grand jury, and so section 2 was held unconstitutional. This decision was reiterated by this court in *Meyer* v. *State,* 12 *Id.* 6; affirmed by the Court of Errors and Appeals, 13 *Id.* 145.

Now, while the fourth count of the present indictment in terms charges merely the habitual and unlawful sale of liquors

without license, it in effect constitutes an accusation of keeping a disorderly house. *State* v. *Williams,* 1 *Vroom* 102; *Meyer* v. *State,* 12 *Id.* 6; 13 *Id.* 145. This mode of indictment was prescribed by the act of March 10th, 1893 (*Pamph. L., p.* 193; *Gen. Stal., p.* 1101, *pl.* 273), known as the Daly act. Its provisions are now embodied in section 74 of the Criminal Procedure act. *Pamph. L.* 1898, *p.* 894. The language of the section is, in substance, that it shall not be lawful to indict any person for the offence of maintaining a common law nuisance or keeping a disorderly house where the offence sought to be punished consists wholly in the unlawful sale of liquors, but in such case the indictment shall be in form for the sale of intoxicating liquors contrary to law, and on conviction of such unlawful sales the person convicted shall be liable to the same punishment as that provided by law for the offence of maintaining a common law nuisance or keeping a disorderly house. The effect of this is not to change the nature of the offence, nor to render the place where habitual and unlawful sales of intoxicating liquors is carried on any the less a disorderly house and a public nuisance, but to require the indictment to set forth with precision the character of the acts that constituted the offence. Repeated decisions have established the form of indictment that is to be adopted under this section. *State* v. *Schmid,* 28 *Vroom* 625; *Rogers* v. *State,* 29 *Id.* 220; *Derby* v. *State,* 31 *Id.* 258; *Parker* v. *Slate,* 32 *Id.* 308, 311; *Campbell* v. *Slate,* 33 *Id.* 402; *Shuster* v. *Slate, Id.* 521, 523; *State* v. *Ham,* 35 *Id.* 49; *State* v. *Farnum,* 37 *Id.* 397; *Slate* v. *Reily, Id.* 399. No question is raised about the sufficiency of the fourth count of the present indictment.

In our opinion, therefore, assuming the defendant was entitled to acquittal on the first three counts, he was not so entitled on the fourth count, but remained punishable by indictment for repeated unlawful sales of liquor, notwithstanding anything contained in the act of March 26th, 1874 (*Pamph. L., p.* 93; *Gen. Stal., p.* 1795), or in the ordinances of Millville that were introduced in evidence. His motion for direction of a verdict in his favor was therefore broader than

his right.   His case stood no better than if the first three counts of the indictment had been bad in substance, and his proper motion would have been to require the prosecutor to elect upon which count he would rely, or to call for instructions to the jury to disregard the first three counts.  *Hunter* v. *State,* 11 *Vroom* 495, 532; *Parker* v. *State,* 32 *Id.* 308, 309.  The conviction, being based upon a general verdict of guilty, and that verdict being supportable at least upon the fourth count and the evidence given thereunder, will not now be disturbed for denial of defendant's motion for direction of a verdict.

The plaintiff in error also prays reversal on the ground that the trial judge misdirected the jury with respect to the defendant's right to sell liquor for medicinal purposes.  The instruction was: "It is lawful for a druggist to sell whiskey in less measure than a quart without a license, provided it be in good faith compounded or sold for medicinal uses or purposes only, upon the prescription of a reputable physician."  And again the jury was told "that if the sales in question were not made in good faith for medicinal uses and purposes only, and upon the prescription of a reputable physician, then the defendant must be convicted."

This gave to the defendant, in precise terms, the benefit of the privilege accorded to druggists by section 12 of the so-called Werts law (*Pamph. L.* 1889, *p.* 77; *Gen. Stat., p.* 1813).  Counsel for the plaintiff in error insist that by section 66 of the Crimes act (*Pamph. L.* 1898, *p.* 812) it is lawful for any person, without license, to sell liquor that is "compounded and intended to be used as medicine."  No request was preferred by the defendant that instructions in this form should be given to the jury.  Nor was any exception, even a general exception, taken to the instructions as given.  But under section 136 of the Criminal Procedure act (*Pamph. L.* 1898, *p.* 915), a judgment of conviction may be reversed for error in the charge of the court, whether a bill of exceptions was sealed or not, if it appears that the plaintiff in error has suffered manifest wrong or injury in the premises and has thereby been prejudiced in maintaining his defence upon the

merits.   There was neither legal error nor manifest wrong and injury in this instance, for there was no evidence that any of the liquors in question had been compounded.   The sales referred to in the testimony were of specific liquors, principally whiskey.   It has long been settled that the exception contained in section 66 of the Crimes act does not relate to the first branch of the section, which prohibits the sale of any vinous, spirituous or other ardent spirits, but only to the second branch, which prohibits the sale of "any composition of which any of the said liquors shall form the chief ingredient."   *Townley* ads. *State,* 3 *Harr.* 311; *State* v. *Marks,* 36 *Vroom* 84.

The brief submitted here for the plaintiff in error raises the question whether section 12 of the Werts law (*Pamph. L.* 1889, *p.* 77, § 12; *Gen. Stat., p.* 1813) is repealed by section 74 of the Criminal Procedure act or by section 66 of the Crimes act.   The argument is that the former section works a repealer solely with respect to the form of the indictment (with which we agree), and that the latter section works an entire repealer with respect to the druggists' exemption. Were this true it would leave the defendant wholly unexcused, since the exemption contained in section 66 of the Crimes act does not apply to the sale of unmixed liquor.   But in *State* v. *Ham,* 35 *Vroom* 49, this court held that the twelfth section of the Werts law was not repealed by section 66 of the Crimes act, and therefore the trial judge properly gave to the defendant the benefit of the former statute.

Error is assigned because the judge refused to charge the jury, as requested, that when the evidence shows that the sales in question are made by a druggist in his store, and under the terms of a prescription from a reputable physician, the presumption is that the sale was in good faith.   In our view, the requests that proposed this rule for the guidance of the jury were properly refused.   The exemption contained in section 12 of the Werts law is in these terms: *"provided,* that such liquors so sold be in good faith compounded or sold for medicinal uses and purposes only, upon the prescription of a reputable physician, signed by such physician."   Manifestly

the existence of a prescription was not intended to be conclusive as to the *bona fides* of the vendor. His good faith is mentioned as a separate element in the state of facts that is to work his exemption. As was said by Mr. Justice Reed, in *Sparks* v. *Stokes,* 11 *Vroom* 487 (at *p.* 492) : "No intimation has ever gone so far as that the mere pretended sale for such a purpose is a defence, or that having a prescription is conclusive as to the intent of the vendor." Manifestly the prescription might be procured at the instigation of the druggist, without any real necessity existing for the administration of liquor as a medicine. Or, a prescription that was intended by the physician to provide for the administration of liquor as a medicine upon a single occasion might be left on file with the druggist as a cover for repeated subsequent sales of liquor intended simply as a stimulating beverage. The evidence strongly tended to show that such schemes as these were adopted by the defendant to give a colorable sanction to his unlicensed sales of liquor. We say this without intending any imputation upon the *bona fides* of the physicians.

The remaining grounds urged for reversal relate to the rulings of the trial judge upon matters of evidence. We have examined them all without finding any ground for reversal. The rulings in question were in most instances manifestly correct. In respect of one or two whose correctness may be doubtful, the ruling was harmless to the defendant.

The judgment under review should be affirmed.