## THE STATE, DEFENDANT IN ERROR, v. LOUIS CAPORALE, PLAINTIFF IN ERROR.

Submitted December 4, 1913—Decided February 24, 1914.

1. An indictment for a statutory crime should ordinarily follow the language of the statute, but is sufficient if the offence be charged in language substantially identical or stronger in meaning.
2. An indictment charging the setting fire to a building with intent to defraud an insurer is sufficient under a statute denouncing the setting of such fire with intent to prejudice an insurer.
3. Evidence examined, and *held* sufficient to justify the submission of defendant's guilt to the jury.

---

On error to the Bergen Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the plaintiff in error, *Marinus Contant.*

For the state, *Wendell J. Wright,* prosecutor of the pleas.

The opinion of the court was delivered by

PARKER, J. The only points brought to our attention are the refusal of the trial court to quash the indictment and its allowance of an amendment thereto, and its action in submitting the question of defendant's guilt to the jury.

The indictment was in three counts, but the first count was waived by the state. The second count charged defendant

with willfully procuring the burning of a certain described dwelling-house on which he had obtained insurance against fire, with intent to defraud a designated insurance company which had written the insurance thereon, contrary to the form of the statute, &c. The third count was identical except that a different insurer was named.

Two sections of the Crimes act bore upon the case. The one hundred and twenty-sixth, quoted in full in *State* v. *Brand,* 48 *Vroom* at *p.* 487, makes it a high misdemeanor "willfully to * * * procure * * * the * * * burning of any building * * * which shall at the time be insured * * * against loss or damage by fire, with intent to prejudice any * * * corporation that has underwritten * * * any policy of insurance thereon," &c. Section 127 makes it a simple misdemeanor to procure the burning of a building "in his possession, with intent to defraud any person whatever."

The motion to quash was based on the ground that the indictment did not charge a crime. It seems to have been defective under section 127 because it did not aver that the building was in defendant's possession. Defendant's counsel argued that it would not stand under section 126 because the word "defraud" was used instead of "prejudice." The court permitted an amendment of the word to read "prejudice," and this is urged for error.

We consider that the amendment was unnecessary. The ordinary rule is, of course, to follow the language of the statute in an indictment for a statutory crime. But if words of substantially similar meaning are used, the indictment will not be vitiated. *State* v. *Hickman,* 3 *Halst.* 299; 1 *Bish. Cr. Pro.,* § 612. And especially if the substituted word be stronger, *i. e.,* require more by way of proof from the state, the indictment will hold good. Thus, where the statute used the words "shoot at" and the indictment read "shoot," the allegation was held sufficient; and similarly where the statute read "unlawfully" and the indictment "feloniously." *Id.,* § 613, and cases cited.

In the present case, it was very plain from the other language of the indictment, and especially from the mention of

insurers, that section 126 was intended to be relied on. It is equally plain that the word "prejudice" is used in its generic sense, as to cause any harm or damage or loss to the insurer. That such insurer would be prejudiced by being defrauded is of course obvious; so that the indictment as it stood was favorable to defendant in limiting the range of proof to defrauding the companies; and was clearly sufficient to charge a crime.

This being so, the only possible harm that could come to defendant by changing the word "defraud" to "prejudice" was in enlarging the field of proof on the part of the state. But the amendment was not, and is not now, objected to on any such ground. The argument made is that either the indictment originally charged no crime and thus was unamendable; or that it charged a misdemeanor only under section 127 and could not be amended so as to charge a high misdemeanor under section 126. As we have seen, it charged a crime originally under section 126, and there is no claim that any proof was made or attempted to show any other form of prejudicing the companies than that of defrauding them. So, we find no error on this phase of the case that should lead to a reversal.

Secondly, it is argued that no case was made out for a jury to pass upon. Our examination of the evidence satisfies us that while it was circumstantial, so far as the defendant's connection with the fire was concerned, there was a case for the jury. Defendant offered no evidence. On the state's case it appeared that the building belonged to defendant's wife; that it was a two-story frame building in poor order, tenanted only on the lower floor; that the tenant complained to Caporale a few days before the fire of a frozen water pipe, in response to which he appeared with two men dressed as workmen, who went upstairs and were found about the chimney, apparently doing nothing; that on the day before the fire (which occurred at one-thirty A. M.) two men came and did something to the chimney. One of these two men testified that what they then did was to hang pails of gasoline in convenient places, and otherwise make preparations for the intended fire; that there was a long fuse running to the cellar, which he touched

off at midnight with a cigar. This witness had never talked with Caporale about setting the fire; but it appeared that the building was greatly overinsured; that defendant went to New York in the afternoon or early in the ·evening, and returned about three A. M.; that he gave a rather unsatisfactory account of his whereabouts in the meantime, and endeavored to settle the loss, claimed in his original proof of loss at the full amount of the policy, for a greatly reduced figure. There was no hint or intimation anywhere in the case that anyone else (except perhaps defendant's wife) had any motive, malicious or otherwise, for setting fire to this building. In our opinion there was no error in submitting the case to the jury.

This disposes of the two points argued. The judgment will be affirmed.