STATE OF NEW JERSEY v. SAMUEL HOFFMAN AND TOUFEEK BAROODY.

Decided February 26, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiffs in error, *Ulysses G. Styron.*

For the state, *Louis A. Repetto,* prosecutor of the pleas.

PER CURIAM.

The plaintiffs in error, Samuel Hoffman and Toufeek Baroody, were convicted on an indictment charging them with violating section 65 of the Crimes act by keeping a place to which persons resorted for the purpose of betting upon horse races.

The principal ground upon which the conviction is attacked before us is that the trial court, at the close of the testimony, refused to charge the jury that, even if it were satisfied beyond a reasonable doubt from the evidence produced that book-making and pool selling were practiced in the premises of the plaintiffs in error, and that they had knowledge of such practices, it must acquit unless it was satisfied beyond a reasonable doubt by the evidence that the defendants kept this place with intent that persons should resort there for such practices. As was declared by .this court in the case of *State* v. *O'Donnell* (No. 1 of the May term, 1930), the refusal to charge that, in order to justify a conviction for violation of the statute, the proofs must

show not only that the defendants kept a place to which persons resorted for betting, but also that it was the intent of the defendants that persons should resort to such place for that purpose, was legal error; following the rule upon this subject laid down by this court in the case of *State* v. *Ackerman,* 62 *N. J. L.* 456, and by the Court of Errors and Appeals in the case of *State* v. *Terry,* 91 *N. J. L.* 539. It is argued on behalf of the state that the decisions referred to do not support the request, for the reason that it required the jury to acquit unless it was satisfied *beyond a reasonable doubt* of the existence of such intent on the part of the defendants. We cannot concur in this view. Both of the decisions quoted declare that the intent of the keeper of the place that persons should resort thereto for betting, &c., is essential to his guilt; and, in our opinion, the existence of an *essential* fact, upon which the guilt of the defendant is predicated, must be proved beyond a reasonable doubt.

The judgment under review will be reversed.