THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN TULENKO, PLAINTIFF IN ERROR.

Submitted May 15, 1945—Decided October 15, 1945.

For the defendant in error, *Manfield G. Amlicke,* Prosecutor.

For the plaintiff in error, *Aubrey J. Elias* and *Hymen Siejendorf (John O. McGuire,* of counsel).

The opinion of the court was delivered by

WELLS, J. This is an appeal by the plaintiff in error, John Tulenko, from a judgment of the Supreme Court affirming a judgment of the Court of Quarter Sessions of the County of Passaic of conviction and sentence of said John Tulenko for non-feasance in office.

The case purports to come up by both assignments of error under a strict writ of error and specifications for reversal and on the entire record had upon the trial of the cause.

On November 3d, 1942, Tulenko was a member of the district election board for the third election district of the first ward in the City of Passaic. He, together with Andrew Ferik, Eleanor Dzacivski and Peter Sakanis, the other members of the board, was indicted by the grand jury on a charge of non-feasance in office arising out of certain alleged irregularities in the conduct of the 1942 general election in said election district. On the date of trial a severance was granted to the defendant Andrew Ferik because he was in the armed services of the United States and an adjournment was refused to the other three members of the board who claimed the testimony of Ferik and a policeman, who was stationed at the polls all day and was also in the armed forces, was needed for their defense. At the trial Peter Sakanis was acquitted and plaintiff in error, Tulenko, and defendant Eleanor Dzacivski were found guilty. This appeal is by Tulenko only. The indictment charged in one count, in substance, that said plaintiff in error and the other defendants did, while then and there engaged in the discharge of their duties as members of said board, unlawfully, willfully, knowingly and fraudulently neglect to perform their duties as election officers in the following particulars; to wit, in failing to reject and declare void, ballots illegally marked, ballots bearing illegal erasures and

ballots on which the voters had voted for a number of candidates for office in excess of the number of candidates to be elected; * * * in failing to carefully and accurately add up the votes given for each candidate for office and truly note the same upon the tally sheet; in unlawfully and with gross negligence adding marks to the polls by false counting; in neglecting, before signing the statement, certificate and return of the result of said election, personally to examine each of the tally sheets, to determine the result; in unlawfully, willfully, knowingly and with gross negligence making, signing and certifying a false and untrue statement, certificate and return of the result of said election and causing the same to be delivered and filed in the office of the clerk of Passaic County, contrary to the form of the statute in such case made and provided. The indictment does not specify the statute of which the omissions are said to be a violation but the state contends that the indictment upon which the three election officers were tried and plaintiff in error was convicted was based upon *R. S.* 2:160–1, which is but a statement of the common law and provides that: "Any magistrate or other public officer who shall willfully refuse or neglect to perform, within the time required by law, any duty imposed upon him by law, shall be guilty of a misdemeanor."

Prior to the trial, counsel for the defendant obtained permission from the court to withdraw the plea of not guilty and moved to quash the indictment on the grounds of duplicity, multifariousness, ambiguity and uncertainty. The trial court withheld its judgment on the motion and directed the pleas to be re-instated and the trial to proceed. At the conclusion of the prosecutor's opening to the jury and at the conclusion of the state's case, and also at the end of the whole case, counsel for defendants moved for a directed verdict of acquittal, all motions being based on the same grounds upon which counsel had moved to quash the indictment. All motions were denied and exceptions allowed. Plaintiff in error presents nine points for reversal.

The first point is that the indictment is duplicitous and, therefore, faulty in that it alleges several distinct offenses in a single count, and the rule is that this may not be done,

citing *State* v. *Bolitho,* 103 *N. J. L.* 246; affirmed on the opinion of the Supreme Court in 104 *Id.* 446, and *State* v. *Alfin,* 129 *Id.* 196.

Plaintiff in error says that the indictment charges members of the election board with the violation of a series of duties which are specifically and singularly set forth under title 19 of the Revised Statutes and the violation of each individual duty of these election laws made a separate and distinct offense constituting a series of misdemeanors for a series of violations. Furthermore, plaintiff in error calls attention to the fact that there is a statute especially designed for offenses such as are alleged in this indictment; namely, *R. S.* 19:34–48, which provides that: "Every person charged with the performance of any duty under the provisions of any law of this state relating to elections who willfully neglects or refuses to perform it, or who, in his official capacity, knowingly and fraudulently acts in contravention or violation of any of the provisions of such laws, shall be guilty of a misdemeanor."

This statute might well have been the basis of an indictment here, but that is not a good reason for not basing the indictment on some other statute which the state may prefer if the other statute is also applicable.

We do not regard the indictment as duplicitous. In the case of *State* v. *Bolitho, supra,* in which the defendant was charged with malfeasance, the indictment set forth various acts of misconduct. The court said (at *p.* 261):

"There seems to be no good reason, where the indictment is based upon the accusation of official misconduct in office, why a careful pleader should not allege therein divers acts of official misconduct even though such acts were committed on different days and differ in their nature and constitute distinct offenses against the law, so long as they are cognate to the charge of official misconduct."

And again (at *p.* 262), the court said:

"The indictment * * * proceeds wholly upon the theory of a single crime, namely, malfeasance in office. The various acts of misconduct of the accused set forth in the indictment are more in the nature of a bill of particulars of the various acts

of official misconduct of the commission of which the plaintiff in error was accused, and surely he is not in a position to complain that he was harmed because the state apprised him in the most ample manner of the deeds of official misconduct of which he was accused."

The indictment there was sustained. See, also, *State* v. *Castle et al., 75 N. J. L.* 187; 66 *Atl. Rep.* 1059. The indictment in the instant case sets forth various acts of official neglect of duty all of which constitute the single crime of non-feasance under the statute. We think the indictment meets the requirements in that it properly acquaints the plaintiff in error of the charge in order to enable him to prepare his defense, *State* v. *Spear,* 63 *N. J. L.* 179; 42 *Atl. Rep.* 840; *State* v. *Morris,* 98 *Id.* 621; *affirmed,* 99 *Id.* 526. We find no merit in the first point.

The second point is that the indictment is ambiguous and uncertain and, therefore, faulty in that it does not give the accused reasonable notice of the act, law or statute against which he is called to defend himself, citing *State* v. *Tilton,* 104 *N. J. L.* 268. *State* v. *Caporale,* 85 *Id.* 495; 89 *Atl. Rep.* 1034. Both of these cases are to the effect that the ordinary rule is to follow the language of the statute in an indictment for a statutory crime, but if words of a substantially similar meaning are used, the indictment will not be vitiated. Plaintiff in error argues on his brief that it would seem that he has been put on notice that he is to defend himself against a violation of the Election Laws of 1930, since the indictment follows the wording of the 1930 statute, and the indictment concludes "contrary to the form of the statute;" and he complains that despite this the indictment is entitled "nonfeasance in office" and that both the prosecution and the court proceeded on the theory that this was not an indictment predicated on the Election Laws of the state, even though it followed the wording of such laws explicitly and even though such laws cover fully the alleged offense, but that the state rather tried to sustain the charge as a violation of *R. S.* 2:160–1, *supra*. Plaintiff in error contends that such confusion even as to the crime charged proves that the indictment is uncertain and ambiguous.

Plaintiff in error can see no way whereby the setting forth of separate and distinct violation of the election statute, some, acts of commission, others, acts of omission, some misfeasance, others malfeasance, can possibly be deemed merely descriptive of the statutory crime of non-feasance, and says that the indictment is further uncertain and ambiguous in that there is no specific reference to any particular illegal act done or perpetrated by any one individual defendant.

We find no ambiguity or uncertainty in the indictment. It sets forth with clearness and certainty various cognate acts of official neglect of duty. This is no fault in an indictment of non-feasance in office. *State* v. *Bolitho, supra.*

The third point is that the indictment is faulty in that it fails to charge a crime. This refers to the charge that the plaintiff in error did "then and there unlawfully and with gross negligence count as valid ballots illegally marked, ballots bearing illegal erasures and did neglect and omit to reject ballots illegally marked and ballots bearing illegal erasures." Plaintiff in error says that there is no law in the State of New Jersey which makes such action criminal; that on the contrary the adverse is true, *i. e.*, that it would be criminal for any member of the board to fail to count an erased ballot; that *R. S.* 19:16–4 directs the election board to judge whether an erasure is an illegal mark and directs further that no ballot shall be declared null and void because of any sign, mark or erasure whatsoever unless in the judgment of the board said mark, sign or erasure is a distinguishing one, citing *Freeman* v. *Board of Registry and Election,* 76 *N. J. L.* 83; 67 *Atl. Rep.* 713; *Hackett* v. *Mayhew,* 62 *N. J. L.* 481, and *Bliss* v. *Woolley,* 68 *Id.* 51.

We see no merit in this point. It is unnecessary to prove every specific act of neglect alleged in the indictment. The indictment sets up ten separate violations or neglect of official duties constituting the one crime of non-feasance. The failure to prove one or more of the specific acts of neglect charged does not prove the indictment is faulty if there was proof, as we think there was, of a sufficient number of acts to constitute the crime of non-feasance. "Where an indictment contains several valid counts and the evidence warrants con-

viction upon one of the counts, a motion for direction of a general verdict of acquittal cannot properly be granted." *State* v. *Terry*, 72 *N. J. L.* 375; 61 *Atl. Rep.* 148.

The fourth point is practically a resumé of points one, two and three.

Plaintiff in error's fifth point is that the refusal of the trial court to grant a continuance and the granting of a severance to a co-defendant under the instant indictment were manifestly wrong and caused prejudicial injury to him. With this we are not in accord. No citation of cases is required to support the statement that it is solely within the province and sound discretion of the trial court to grant a continuance or a severance. It did not appear that any harm or injustice was caused to the plaintiff in error in the granting of a severance or in refusing to postpone the trial, and we find no abuse of discretion in either matter.

There remain points six, seven, eight and nine, which will be treated together. Point six is that the admission of ballots and tally sheets in evidence was improper and to the manifest wrong and injury of the plaintiff in error. Point seven is that the trial court committed manifest wrong and error in permitting four witnesses who were members of the county election board to testify as to the recount of ballots and tally sheets, the same having already been introduced into evidence and the witnesses not being qualified as experts and this testimony supplanting the jury's right to form its own opinion on an inquiry into the subject-matter. Point eight is that a directed verdict of acquittal should have been granted the plaintiff in error by the trial court. Point nine is that the verdict is against the weight of evidence.

*State* v. *Monia*, 132 *N. J. L.* 91, is a companion case and very similar to the instant case. It involves members of a different election board of the same city, who were indicted under a similar indictment for non-feasance committed on the same election day; the attorneys for the defendants in the Monia case were the same attorneys who represented the plaintiff in error in the instant case; the facts bearing on the above named four points were substantially the same as in the instant case and the Supreme Court found no merit in

any of said points and sustained the conviction. We likewise, for the same reasons given and under the same authorities cited by the Supreme Court in the said Monia case, find no merit in the above points 6, 7, 8 and 9 raised in the brief of plaintiff in error.

Since we have considered and are deciding the plaintiff in error's case on the merits, it would serve no useful purpose to discuss the technical points raised in the state's brief (1) as to the alleged irregular and improper manner in which plaintiff in error proceeded in perfecting his appeal in assigning error without obtaining a bill of exceptions *contra* to *R. S.* 2:195-16 as amended by chapter 43 of the laws of 1943, (2) as to the validity of the indictment, which the state claims is not properly before the court because the record fails to disclose certain exhibits which were submitted as evidence at the time of the trial even though the trial judge certified the record to be complete, (3) as to claim that the indictment is not subject to attack here or in the Supreme Court because the granting or refusal of a motion to quash an indictment where there has been no *certiorari* taken to the Supreme Court to test its validity and no motion made in arrest of judgment, is a matter of judicial discretion and will not be reviewed in strict writ of error nor under the 136th section of the Criminal Procedure Act (*R. S.* 2:195-16).

Our examination of the pleadings, proofs and the law leads us to the conclusion that there was no harmful error in the record and that the judgment of the Supreme Court affirming the judgment of the Quarter Sessions Court should be affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, HEHER, COLIE, OLIPHANT, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, JJ. 12.

*For reversal*—None.