STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. CHARLES R. LAMOREAUX, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 11, 1953—Decided May 25, 1953.

Before Judges EASTWOOD, BIGELOW and JAYNE.

*Mr. Walter S. Keown* argued the cause for appellant.

*Mr. Benjamin Asbell,* First Assistant Prosecutor, argued the cause for respondent (*Mr. Mitchell Cohen,* Prosecutor of Camden County).

The opinion of the court was delivered

PER CURIAM. This defendant upon a retrial has again been convicted of obtaining money by false pretenses in violation of *R. S.* 2:134–1, now *N. J. S.* 2*A*:111–1. Information concerning the allegations of the indictment, the reversal of his first conviction and his alleged immunity from a second trial is contained in the previous decisions of this division reported in 13 *N. J. Super.* 99 (1951) and in 20 *N. J. Super.* 65 (1952). A reiteration of it here would be redundant.

In the decision resulting in the reversal of the defendant's first conviction it was held that the mere alleged false representation that the defendant "would immediately commence construction" of the home did not of itself charge him with the commission of a crime comprehended by the statute. It was, though, therein stated that the allegation that the defendant knowingly misrepresented that he had "sufficient finances, materials and labor" immediately to commence construction of the house does charge designed misrepresentation of existing facts or conditions and alleges the crime of false pretense under the statute.

Notwithstanding the declared legal insufficiency of the former alleged pretense, the trial judge inadvertently delivered the following instructions to the jury at the second trial and ignored the registered objection taken thereto:

"Now, the charge, members of the Jury, in this indictment is 'that he would immediately commence construction of a home on a certain lot, and that he had sufficient finances, materials and labor available to do so,' so that *they* are the charges that are set forth in this indictment and the State contends *those* charges were false, that the defendant knew they were false, and that the Sabos, relying upon said statements, parted with their money, and the money was obtained by the defendant with the intent to cheat and defraud the Sabos, *so that it is upon those specific allegations in the indictment that the defendant can be convicted*, if you are satisfied of his guilt beyond a reasonable doubt."

It seems manifest that the trial judge induced the jurors to recognize two independent alleged misrepresentations, the one, the unfulfilled promise to commence construction immediately, and the other, the composite misrepresentation con-

cerning the adequacy of his finances and available labor and materials for that purpose, and instructed them that "it is upon *those* specific allegations in the indictment that the defendant can be convicted." In the next succeeding paragraph of the charge the court stated:

"* * * If a single false pretense, *within the language of the indictment*, has been established as inducing the Sabos to part with their money, and you are so satisfied beyond a reasonable doubt, it is immaterial that the other false pretenses made in the indictment are not proved."

The circumstance that the construction of the house was not commenced immediately was no longer an issue and perhaps an acknowledged fact, whereas the alleged falsity of the defendant's representation concerning the adequacy of his finances was controverted. We are of the opinion that the charge to the jury in the respect mentioned was in the circumstances manifestly harmful and prejudicial to the substantial rights of the defendant.

We are accordingly impelled to reverse the judgment of conviction.