29 N.J. Super. 204 (1954)
102 A.2d 68
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES R. LAMOREAUX, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 30, 1953.
Decided January 6, 1954.
*205 Before Judges JAYNE, FRANCIS and FREUND.
Mr. Benjamin Asbell, First Assistant Prosecutor of Camden County, argued the cause for the plaintiff-respondent (Mr. Mitchell H. Cohen, prosecutor).
Mr. Walter S. Keown argued the cause for the defendant-appellant.
The opinion of the court was delivered by FRANCIS, J.A.D.
Appellant appeals from his third conviction on an indictment charging the crime of false pretenses. The two previous convictions were reversed by the Appellate Division. 13 N.J. Super. 99 (1951); 20 N.J. Super. 65 (1952); 26 N.J. Super. 41 (1953).
The indictment charges that appellant
"* * * unlawfully, knowingly and designedly did falsely pretend to one Alexander Sabo that he, the said Charles R. Lamoreaux, would immediately commence construction of a home on a certain lot, and that he had sufficient finances, materials and labor available to do so * * *."
as the result of which Sabo gave Lamoreaux the sum of $1100
*206 "* * * which sum the said Charles R. Lamoreaux did then and there unlawfully, knowingly and designedly receive and obtain from the said Alexander Sabo by means of the false representations and pretenses as aforesaid, and with intent to cheat and defraud the said Alexander Sabo of the same; whereas in truth and in fact he, the said Charles R. Lamoreaux did not commence construction on the aforesaid dwelling house on a certain lot, and he did not have sufficient finances, materials or labor available to do so as he, the said Charles R. Lamoreaux then and there well knew * * *." (Emphasis supplied)
On the first appeal, the Appellate Division declared that "the alleged wilfully false representation charged to Lamoreaux in this indictment, that he `would immediately commence construction,' * * * does not charge a crime" because it was promissory in character. (13 N.J. Super. 99, 103). However, the indictment was expressly declared valid. Judge (now Justice) Brennan said:
"* * * The allegation that he knowingly misrepresented that he had sufficient finances, materials and labor to build the house does, however, charge designed misrepresentation of existing facts or conditions and alleges the crime of false pretense." (p. 103)
And of decisive importance in connection with the present review, the court also said:
"* * * The critical inquiry, then, is whether the State's proofs sustained the State's burden to show that Lamoreaux in fact lacked finances, materials or labor at the time he represented he had them." (p. 103; emphasis supplied)
At this trial the State did not undertake to prove that Lamoreaux lacked finances, materials or labor on the days he allegedly falsely pretended that he had them. Instead, it undertook to demonstrate that the New Era Construction Company, a New Jersey corporation, of which Lamoreaux was president, treasurer and manager, did not have sufficient finances at such times to commence construction of a house immediately for Sabo. No proof was offered as to Lamoreaux's personal financial condition.
The testimony with respect to the financial state of the corporation was objected to on the ground that under the indictment the false pretenses of financial capacity related *207 to Lamoreaux personally, that is, they were made by him with respect to his own situation. And it was urged that the financial condition of the corporation, even though he was its active manager and the largest holder of stock among a number of stockholders, was not relevant against him to show his status from an asset standpoint at the crucial time. Furthermore, at the close of the State's case and again at the conclusion of the defense, a motion for dismissal was made on the ground of absence of evidence to support the allegation of the indictment that Lamoreaux falsely pretended he had sufficient finances to begin construction of the house. All of the objections and motions were overruled.
The theory of the State, which the trial court adopted, was that the corporation was the "alter ego" of appellant. Assuming this to be true and that the evidence tended to establish that Lamoreaux was engaged in construction work through the corporation, it cannot be said that the financial incapacity of the corporation proved or tended to prove that at the time in question he did not have sufficient finances to commence construction of a house. The record is barren of any proof that Lamoreaux's interest in the corporation was his only financial asset. Consequently it is evident that the evidence submitted varies from and does not support the false pretenses alleged in the indictment.
It is undoubtedly the rule that in false pretense cases the indictment must state the facts of the crime with as much certainty as the nature of the case will reasonably admit, and that it should negative the pretenses by such specific allegations as will give the defendant notice of what he must prepare to defend. State v. Luxton, 65 N.J.L. 605 (E. & A. 1901); Fowler v. State, 58 N.J.L. 423 (Sup. Ct. 1896), affirmed 59 N.J.L. 585 (E. & A. 1896); 2 Wharton, Criminal Law (12th ed. 1932), § 1482. In our judgment, this requirement has not been qualified by R.R. 3:4-3, directing that an indictment shall be a written statement of the essential facts constituting the offense charged.
As already indicated, the indictment informed Lamoreaux of the "critical inquiry" that he must be prepared to defend. *208 That inquiry was not pursued at the trial by proof that the corporation was in monetary straits.
A principle no less firmly settled than that relating to the requirements of a valid indictment is that the proof must conform to the allegations of the indictment and that a material variance is fatal. Wharton, supra, § 1483.
For example, in Sharp v. State, 53 N.J.L. 511 (Sup. Ct. 1891), the indictment charged that the defendant persuaded the complainant to endorse his note by falsely pretending that his property was not encumbered by any lien. The conversation proved at the trial was that complainant had asked defendant whether he owned his personal property, to which defendant answered, "I do not owe a dollar to any man."
The Supreme Court reversed the conviction, saying:
"* * * The indictment charged a particular false pretense. It will not be supported by proof or general statement, though the latter be false. There was therefore a substantial variance between the allegations and the proof."
The charge of the trial court was to the effect that if the jury believed the accused obtained the complainant's signature to the note by false representations, knowing that he could not fulfill the promise, they should convict. This was declared to be error also:
"This instruction * * * permitted the jury to convict upon any false representation proved to have been made, although that alleged in the indictment was not proved."
Cf. State v. Hoffman, 9 N.J. Misc. 270 (Sup. Ct. 1931); State v. London, 1 N.J. Misc. 89 (Sup. Ct. 1923); State v. Barone, 98 N.J.L. 9 (Sup. Ct. 1922); State v. Lentz, 92 N.J.L. 17 (Sup. Ct. 1918).
A case of striking analogy is State v. Dowless, 217 N.C. 589, 9 S.E.2d 18 (Sup. Ct. 1940), where a conviction was reversed because of a variance between the complaint and the proof. The pertinent language follows:
"The warrant, upon which the defendant was tried and convicted, charged that defendant W.B. Dowless did issue and deliver a worthless check, knowing that he did not have sufficient funds *209 or credit with the bank with which to pay same, whereas the proof shows a check issued by a corporation of which defendant Dowless was executive head, together with oral evidence that the corporation did not have sufficient funds or credit with the bank to pay same.
While the terms of the statute (Public Laws 1927, Chap. 62) are broad enough to cover the utterance and delivery of the check of a corporation by an officer thereof with knowledge of the falsity of the check and the insufficiency of the funds or credit of the maker, here the charge is that W.B. Dowless, individually, issued the check with knowledge that he (Dowless) did not have sufficient funds or credit with the bank to pay the check. The proof does not conform to the charge contained in the warrant. There is a variance between allegation and proof."
For the reasons expressed, the judgment is reversed.