THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. SAMUEL BOBBINS, DEFENDANT-APPELLANT.

Argued March 26, 1956—Decided April 23, 1956.

*Mr. Louis I. Kravitz* argued the cause for the defendant-appellant.

*Mr. David R. Brone* argued the cause for the plaintiff-respondent (*Mr. Lewis P. Scott,* Atlantic County Prosecutor, attorney).

PER CURIAM. The defendant Bobbins was convicted of embezzlement under *N. J. S.* 2A:102–5 in the Superior Court, Law Division, Atlantic County. The conviction was affirmed on appeal to the Superior Court, Appellate Division. *State v. Bobbins,* 35 *N. J. Super.* 494 (1955).

Thereafter the defendant moved before this court to pursue an appeal *in forma pauperis,* asserting that constitutional questions were presented in the interpretation accorded *N. J. S.* 2A:102–5 by the Appellate Division. We granted this motion and subsequently remanded the cause upon defendant's request to introduce newly discovered evidence before the trial court.

Upon remand defendant moved to arrest the judgment, *R. R.* 3 :7–12, on the basis that *N. J. S.* 2*A* :102–5, which became effective on January 1, 1952, failed to render his conduct criminal during the preceding month of December 1951, and if otherwise construed the statute constituted an *ex post facto* law. (The indictment charged a period of embezzlement extending from December 1, 1951 to May 5, 1953). Defendant also moved for a new trial based upon newly discovered evidence. *R. R.* 3 :7–11(*a*). Both motions were denied by the trial court.

The judgment of the Superior Court, Appellate Division, is affirmed, for the reasons stated in the opinion of Judge Francis, *State v. Bobbins, supra.*

■ We find no error in the denial of the two motions presented to the trial court upon remand. *N. J. S.* 2*A* :102–5 constitutes a part of the 1951 revision of *Title 2* of the *Revised Statutes* which became effective on January 1, 1952. *L.* 1951, *c.* 344, *sec.* 12. *R. S.* 2 :124–11, which the present statute supersedes, was in effect in December 1951, and proscribed the acts which the jury found defendant had committed. Therefore there can be no merit in the contention that *N. J. S.* 2*A* :102–5 renders criminal any conduct which had previously been considered innocent so far as the case *sub judice* is concerned. Defendant has shown no prejudice because the indictment did not charge a violation of *R. S.* 2 :124–11. See *R. R.* 3 :4–3(*a*) ; *State v. LaVera,* 35 *N. J. Super.* 256, 258–59 (*App. Div.* 1955), *certiorari* denied 350 *U. S.* 853, 76 *S. Ct.* 95, 100 *L. Ed.* —— (1955). The evidence proffered to the trial court to support the motion for a new trial was inadequate to meet the standards laid down in *State v. Bunk,* 4 *N. J.* 482, 486 (1950) ; *State v. Vaszorich,* 13 *N. J.* 99, 130 (1953) ; *State v. Haines,* 20 *N. J.* 438 (1956). Although it has been carefully considered in conjunction with a studied review of the entire record we must conclude that it is either not material or not relevant to the main issue, or is not of the character which would probably change the result if a new trial were granted.

The judgment of the Superior Court, Appellate Division, is affirmed as well as the denial of the two motions presented to the trial court on the remand.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.