125 N.J. Super. 209 (1973)
310 A.2d 102
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HERMAN LAMB, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1973.
Decided October 10, 1973.
*212 Before Judges CARTON, SEIDMAN and GOLDMANN.
Mr. Frank R. Krack, Assistant Deputy Public Defender, argued the cause for defendant-appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. George H. Henningsen, Deputy Attorney General, argued the cause for plaintiff-respondent (Mr. George F. Kugler, Jr., Attorney-General of New Jersey, attorney).
The opinion of the Court was delivered by SEIDMAN, J.A.D.
Defendant, after a trial to a jury, was convicted on an indictment charging embezzlement and sentenced to a suspended term of 3 to 5 years in State Prison and fined $1000 payable at the rate of $25 per week. He appeals, contending (1) the trial court abused its discretion in not granting a continuance, (2) the trial court erred in denying his motion for a judgment of acquittal, (3) the prosecutor's comments in summation constituted plain error, and (4) the jury instruction in part constituted plain error.

*213 I
The request for a continuance, which the trial judge denied, was actually to place the case on the inactive list because of the illness of one Frank Culver, claimed to be a material witness in defendant's behalf.
Culver, who was also indicted for his involvement in the events leading to the charge against defendant, suffered a heart attack during his own earlier trial, and a mistrial was declared. Defendant asserts that because of an allegedly exculpatory statement made by Culver, the latter's testimony was essential to his defense. From available medical information, including the results of a court-ordered examination, Culver's condition is concededly such that testifying in court or by deposition could be fatal. Moreover, it appears that Culver's counsel would not permit him to give testimony in any manner since the charges against his client were still open.
The granting of a continuance is a matter exclusively within the province and sound discretion of the trial judge, and should not be upset unless it appears from the record that the defendant suffered manifest wrong or injury. State v. Zied, 116 N.J.L. 234, 239 (E. & A. 1935); State v. Tulenko, 133 N.J.L. 385, 391 (E. & A. 1945); State v. Smith, 87 N.J. Super. 98, 105 (App. Div. 1965). In the particular circumstances of this case, we perceive no abuse of discretion by the trial court. Moreover, aside from the probability that Culver would never be able to testify or, if he was able to, that he would claim his privilege against self-incrimination, our review of the record discloses that the exculpatory effect of the proposed testimony, in the light of defendant's own testimony at the trial, would have been minimal at best.

II
Also without merit are defendant's contentions that the prosecutor improperly and prejudicially commented in his *214 summation on the non-production of a potential witness for the defense, and that the trial court's charge on the issue of credibility was misleading and prejudicial.
No objection to the prosecutor's comment was voiced at the time, but defendant now seeks to invoke the plain error rule, arguing that the comment possessed a clear capacity to bring about an unjust result. We note, however, that it was defense counsel who advised the court of his intention to produce the witness. The witness was not called and the omission was not explained. In these circumstances we do not believe the comment was improper or prejudicial. State v. Clawans, 38 N.J. 162, 171-172 (1962), on which defendant relies, is factually distinguishable.
There was no objection to the portion of the charge complained of; but, in any event, the court's remark that "the basic question is whether the complaining witnesses for the State are telling the truth or whether the defendant is telling the truth" was not improper in the context of the entire charge, which fully instructed the jury on the State's burden of proof.

III
The principal thrust of the appeal is that defendant's motion for a judgment of acquittal should have been granted because (1) the State did not prove all the elements of the crime charged in the indictment and (2) there was a material variance between the indictment and the proofs. A related point is that the trial court instructed the jury on issues at variance with the indictment.
The indictment charged that defendant
... [On] or about the month of December 1967 and on divers dates thereafter until the 1st day of April 1971, in the City of Vineland, in the County of Cumberland aforesaid, and within the Jurisdiction of this Court, being the employee and agent of TWO GUYS DEPARTMENT STORE, unlawfully did embezzle and fraudulently take, receive, retain and appropriate to his own use money to the amount of about $20,000.00 belonging to the said TWO GUYS DEPARTMENT *215 STORE with intent to defraud the said TWO GUYS DEPARTMENT STORE thereof contrary to the provisions of R.S. 2A:102-5 ...
The State's proofs were that defendant was employed as a receiving clerk at the Two Guys store in Vineland. His duties included receiving merchandise and verifying the same by checking the goods and signing delivery slips which were later sent to the home office for payment. Culver, a close friend with whom defendant resided, was a Bond bread delivery man. Over a period of time he delivered less bread and other baked goods than were shown on his delivery slips and presumably sold the remainder and pocketed the proceeds. With knowledge of the shortages, defendant signed the slips and invoices for the larger quantities which were paid by Two Guys. Defendant denied receiving any money for his participation in these transactions.
Defendant contends, first, that the facts adduced at the trial do not constitute the crime of embezzlement within N.J.S.A. 2A:102-5, because he never had actual or constructive possession of the bread and other baked goods and Two Guys itself had no property interest therein.
Leaving aside, for the moment, the language of the indictment, the issue to be resolved is whether the proofs add up to embezzlement. N.J.S.A. 2A:102-5 provides in pertinent part that
Any employee, agent, consignee, factor, bailee, lodger or tenant who embezzles or, with intent to defraud, takes money or receives, retains or appropriates to his own use or the use of another, any property or the proceeds of the sale of the same, or any part thereof, belonging to his employer, principal, consignor, bailor or landlord, is guilty of a misdemeanor (Emphasis supplied).
It would, therefore, constitute a violation of the statute if defendant, with intent to defraud, appropriated to the use of another (Culver) property belonging to his employer.
*216 That defendant intended to defraud his employer seems clear. Furthermore, there is no doubt that the goods for which he signed belonged to his employer. Passage of title did not require that they first had to be unloaded from the truck since, under the Uniform Commercial Code, N.J.S.A. 12A:2-401(2), title to goods passes to the buyer upon delivery, unless otherwise specifically agreed. Delivery took place here when defendant signed the slips, thus evidencing receipt. Even though the goods may still have been on the truck at the time, defendant, nevertheless, was able to exercise a sufficient measure of control over them so as to be in constructive, if not actual, possession of the goods on behalf of his employer. State v. Kimbrough, 109 N.J. Super. 57, 64 (App. Div. 1970).
Embezzlement embraces the intentional and fraudulent appropriation of the property or money of another by a person into whose hands it had lawfully come or to whom it had been entrusted. State v. Bobbins, 35 N.J. Super. 494, 497 (App. Div. 1955), aff'd 21 N.J. 338 (1956). Under the statute, it is sufficient if such appropriation is for the use of another, in this case Culver.
We are thus satisfied that the State's proofs in this case spelled out the crime of embezzlement.
Defendant, however, advances the further contention of a fatal variance between the indictment and the proofs adduced at the trial, in that there was no proof he appropriated any moneys to his own use.
It is true that the case as tried differed factually from the precise language of the indictment. A charge, of course, must sufficiently identify the criminal event to enable the accused to defend and to defeat a subsequent prosecution for the same offense; hence, the indictment must allege all the essential facts of the crime. State v. LaFera, 35 N.J. 75, 81 (1961); State v. Lamoreaux, 29 N.J. Super. 204 (App. Div. 1954), aff'd 16 N.J. 167 (1954). The proofs developed need not adhere strictly to the allegations of the *217 indictment. If the proofs presented substantially adhere to that outlined in the indictment and the indictment supplies sufficient information to apprise defendant of the actual charge against him, thus avoiding any possible prejudice, and protects him against a subsequent prosecution for the same offense, the variance will be deemed immaterial. State v. Davis, 61 N.J. Super. 536, 540-541 (App. Div. 1960).
Defendant does not claim surprise or prejudice. On the contrary, the opening statements of counsel and the manner in which the trial proceeded indicate clearly that defendant was fully aware of what the State's case would be. He did not seek a dismissal of the indictment prior to trial, nor did he object as the proofs unfolded. Not until the close of all the evidence did he argue, in his motion for a judgment of acquittal, that the State had failed to prove the case set out in the indictment, and even then stress was placed not so much upon the absence of proof that defendant had embezzled money, but rather upon the argument that the bread and other baked goods had not become the property of the employer, so that there could not have been an embezzlement.
Although the trial judge might well have amended the indictment to conform to the proofs, it should be observed that the word "embezzle" contains within itself the charge that the defendant fraudulently appropriated money or property. State v. Bobbins, supra, 35 N.J. Super at 498. Considering the totality of the circumstances, we are convinced that the defendant's ability to prepare his defense was not impaired and that, in addition, he was not tried for an offense substantially different from the one recited in the indictment i.e., a violation of N.J.S.A. 2A:102-5.
Affirmed.